MARY J. DOLBY, PLAINTIFF IN ERROR, V. REUBEN R. TINGLEY, DEFENDANT IN ERROR.

1. **Practice:** MOTION FOR NON-SUIT. Where there is testimony tending to sustain a cause of action, a motion to non-suit the plaintiff should be overruled.

2. ———: GARNISHMENT. Where an action was commenced in the county court and a garnishee duly summoned, who answered, admitting the possession of assets of the debtor, judgment in the county court in favor of the debtor will not discharge the garnishee where, on appeal to the district court, judgment is rendered in favor of the plaintiff. But otherwise if no appeal is taken or the attachment is discharged.

8. ———: ———. A garnishee answered in the county court that he had under his "control notes, judgments, and other evidences of indebtedness" belonging to the debtor, "in the aggregate about $2,000," and an order was entered for him to retain "the sum of $450 and $25 to cover costs to abide the further event of the suit." On appeal to the district court, *Held*, that the garnishee was not discharged, but that no recovery could be had against him under the order of the court until he had collected some of the assets or converted the same into money.

ERROR to the Lancaster county district court, where the cause was tried before POUND, J.

*A. C. Ricketts*, for plaintiff in error.

1. By our statutes, when an appeal is taken from the county court to the district court the latter becomes possessed of the entire case with all its incidents, and carries its own judgments into execution without any

NOTE.—Garnishment *after* judgment, under sec. 244 of the civil code, Gen. Stat., 565, is authorized only when an execution has been issued and returned unsatisfied for want of property. If in such case the judgment is *set aside*, the garnishee is discharged. *Clough v. Buck*, 6 Neb., 343.—REP.

intervention of the lower court. The judgment of the county court is expunged and the court itself divested of all control over, or power in, the case. By process of law the action is simply transferred and continued in another jurisdiction, to be passed upon in all respects as though originally brought there. If there is no judgment releasing the defendant in attachment, then there is no judgment releasing his debtor the garnishee, who is much less interested and a mere stakeholder for the parties litigant; like money or property in the hands of the court he must follow the suit to which he belongs, to await the orders of the court. Gen. Stat., 268, sec. 26. Code Civ. Procd., sec. 1008 and 1010. 4 Ia., 230. 23 Pick., 465. 9 Ia., 429. Drake on Attachments, sec. 960 and 658. 3 Ia., 200. 6 Wheat, 194. 3 Blatch. U. S. Cirt., 34. 38 Ga., 602. 8 Ala., 811. 9 Ala., 223. 18 Ala., 80. 5 Ala., 583. 3 Ohio, 274. 27 Ill., 352. 3 Stewart, 90.

2. The evidence shows a final order directing the garnishee, defendant in error, to pay the garnished money into court. From this order no appeal has been taken, neither has it been set aside or modified, but remains in full force and effect (like other judgments it cannot be attacked collaterally), and the defendant in error cannot now be heard to dispute his liability. *Wilson v. Burney*, 8 Neb., 39. 5 O. S., 42. 9 Ohio State, 388.

*Brown, Marshall & Caldwell*, for defendant in error, contended that garnishment, being a purely statutory proceeding, cannot be pushed in its operation beyond the letter of the statute under which it is resorted to. Drake on Attachments, sec. 451. 65 N. C., 681. That from an examination of sec. 226 and 1006 of the code, Gen. Stat., 526, 686, the word "judgment" must mean the same in one section as in the other, and if so

it must be decisive of this case, for in the former section the judgment for the defendant in attachment discharges the garnishee, and in the latter the judgment may be appealed to the district court after the garnishee is discharged. That no provision can be found anywhere for continuing the garnishment if judgment is rendered in favor of the defendant in the court where the action is commenced, while an express statute is found discharging the garnishee under such circumstances. *Boston v. Wright,* 3 Kan., 227. *Gates v. Saunders,* 13 Kan., 411. *Butcher v. Taylor,* 18 Kan., 588.

MAXWELL, CH. J.

On the sixth day of July, 1875, Thomas J. H. Dolby commenced an action against R. F. Parshall by attachment in the county court of Lancaster county, Tingley being served with process of garnishment. On the second day of August of that year Tingley appeared and answered: "I have under my control notes, judgments, and evidences of indebtedness belonging to Parshall in the aggregate of about $2,000, more or less." The court thereupon made the following order: "It is ordered that R. R. Tingley, the within named garnishee, keep and retain in his hands the sum of $450, and $25 to cover costs, to abide the further event of the suit." Various adjournments of the cause were had until the twentieth day of September of that year, when the case was tried and judgment rendered in favor of the defendant, Parshall. The plaintiff appealed the cause to the district court, where in February, 1878, judgment was rendered in his favor for the sum of $549.20 and costs. On the second day of March thereafter the district court sustained a motion to require "Tingley, the garnishee herein, to pay

money into court as per his answer and order heretofore made." The money not being paid, the plaintiff brought this action against the garnishee. The defendant herein in his answer alleges:

*First.* That he was discharged by the judgment for the defendant in the county court.

*Second.* That, in obedience to the order of the district court, he, on the fifteenth day of March, 1878, presented to the clerk of the district court the note of J. H. Dolby to R. F. Parshall for about the sum of $492, and therefore he has complied with the order of said court.

*Third.* That prior to the notice of garnishment Parshall was indebted to him in the sum of $921 and upwards, and the proceeds of the assets were to be applied in payment of the indebtedness due said defendant, and that Parshall is still indebted on the original indebtedness the sum of $525 and upwards, and considerable sums expended in conducting suits for the collection of said assets. The defendant also alleges that he has not been able to collect enough to satisfy his own claim. He also alleges that some of the notes and assets are of no value.

It is unnecessary to notice the reply. On the trial of the cause the plaintiff introduced the judgment against Parshall, and a transcript of the proceedings of the county court, the answer of the garnishee therein, and the order of the court thereon, and also the order on the garnishee in the district court and the assignment to plaintiff, and rested. The defendant then filed a motion for a non-suit. 1. Because the court had no jurisdiction. 2. Because the appeal to the district court did not affect the garnishee. 3. Because the evidence was not sufficient to sustain a judgment. The motion was sustained and the cause dismissed. The plaintiff brings the cause into this court by petition in error.

As to the first objection, that the garnishee was discharged by reason of the county court rendering judgment for the defendant, it is sufficient to say that, had the defendant in that action, Parshall, filed a motion to discharge the attachment which had been sustained, unless the plaintiff had taken the proper steps to have the case reviewed on error, the garnishee would have been discharged. And this without reference to the final judgment in the case. *The State v. Cunningham*, ante p. 146  But where no steps are taken to dissolve the attachment the garnishee is bound from the time of service until final judgment. *Chase v. Foster*, 9 Iowa, 429. The law will not justify carelessness or neglect in a garnishee any more than any other suitor. *B. & M. R. R. Co. v. Hall*, 37 Id., 620. He is supposed to be a disinterested party, and he is not liable for costs beyond those caused by his resistance of the claim against him.

Section 939 of the code provides that: " If the garnishee appear and answer, and it is discovered on his examination that at or after the service of the order of attachment and notice upon him he was possessed of any property of the defendant, or was indebted to him, the justice may order the delivery of such property, and the payment of the amount owing by the garnishee into court, or may permit the garnishee to retain the property or the amount owing, upon the execution of an undertaking to the plaintiff with one or more sufficient sureties, to the effect that the amount shall be paid, or the property forthcoming, as the court may direct." Gen. Stat., 673.

Section 940 provides that: " If the garnishee fail to appear and answer, or if he appear and answer, and his disclosure is not satisfactory to the plaintiff, or if he fail to comply with the order of the justice to deliver the property and pay the money owing into

court, or give the undertaking required in the preceding section, the plaintiff may proceed against him in an action in his own name, as in other cases," etc. Gen. Stat., 673.

The county judge should have required the garnishee to give the undertaking required by the statute, but his failure to do so did not discharge the garnishee. The reason why the undertaking was not required probably was because the trial of the cause was set for the next day (August 3d). Had the answer of the garnishee been unsatisfactory, or had he denied all indebtedness, the plaintiff would not thereby be precluded from maintaining an action against him. The nature of the "evidence of indebtedness" held by the defendant is not disclosed. So far as appears it may have consisted of the best class of public securities, readily convertible into money. But until the defendant had collected some portion of the assets or converted the same into money he would not be in default, and there could be no recovery against him under the order of the court. Does the record contain testimony tending to show that he had money belonging to the debtor in his hands? The answer of the defendants states in substance that he had collected about $400 of the assets, and applied the same upon a debt which he claims is due from Parshall to himself. The existence of such a debt is denied in the reply. It therefore devolved on the defendant to establish its existence. This issue the court could not ignore.

Where there is testimony tending to sustain an action, a non-suit should not be granted, as the testimony should be submitted to the jury. In proceedings in attachment a garnishee should only be required to deliver property or pay money on the order of the court where there is a clear admission in his answer that he has such money or property in his possession. If

29

questions of fact are involved as to his liability, the case should not be disposed of in this summary manner.

But the order in this case was to retain a certain amount of money. Section 200 of the Ohio code provides for issuing an execution in all cases where "the garnishee shall admit an indebtedness to the defendant." The remedy provided by the code is by action against the garnishee. And the order, together with the admissions of indebtedness of the garnishee, may be given in evidence upon the trial. But where, as in this case, the garnishee seeks to apply the assets collected by him to his own use, the right to make such application, when denied, is a question of fact which must be submitted to the jury. The court therefore erred in sustaining the motion for a non-suit.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.