REUBEN R. TINGLEY, PLAINTIFF IN ERROR, V. MARY DOLBY, DEFENDANT IN ERROR.

1. **Practice:** SETTING ASIDE REPORT OF REFEREE. A case was referred to a referee, who heard all the testimony and made his report, which was afterwards set aside by the district court, to which exception was taken. A trial was then had before a jury, a verdict, and judgment. *Held,* That the court had no authority to set aside the report of the referee, except for cause and none appearing, the order was reversed.

2. **Garnishment:** LIABILITY OF GARNISHEE. A garnishee who answered "I have under my control notes, judgments, and other evidences of indebtedness" of the debtor, is not liable as garnishee in an action for money, unless he has money belonging to the debtor in his hands, or has converted some of the securities to his own use.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*Brown & Ryan Brothers,* for plaintiff in error.

The possession of personal property does not subject the garnishee to liability to answer in cash for such personal property in his hands. *Dolby v. Tingley,* 9 Neb., 417. Comp. Stat., 559, sec. 224. *Miner v. Parker,* 1 Alabama, 421. *Estill v. Goodlor,* 6 La. Ann., 122. *Peet v. Whitmore,* 16 La. Ann., 48. *Coleman v. Fennimore,* 16 La. Ann., 253. *Frost v. Patrick,* 11 Miss. (3 Smed. & M.), 783. *Wetherell v. Flanigan,* 2 Miles (Pa.), 243. *People v. Johnson,* 14 Ill., 342.

*A. C. Ricketts* and *Walter J. Lamb,* for defendant in error.

MAXWELL, J.

This case was before this court in 1879, and is reported in 9 Neb., 412. The case having been remanded for a new

trial, was referred to Hon. S. B. Galey as referee, who heard the testimony and made a report in favor of the plaintiff in error. This report was set aside by the district court, to which the plaintiff excepted, and now assigns the same for error. The referee also signed a bill of exceptions containing all the testimony taken in the case. Upon the report of the referee being set aside the cause was tried to a jury, which rendered a verdict in favor of the defendant for the sum of $625.41, upon which judgment was rendered.

The conceded facts are as follows: In July, 1875, one Thomas J. H. Dolby commenced an action against R. F. Parshall in the county court of Lancaster county, to recover the sum of $500. Tingley was served with process of garnishment, and in obedience to such process, on the second day of August of that year appeared in said court, when the following question was asked him: "Mr. Tingley, you may state whether you have any goods, chattels, or rights in action belonging to R. F. Parshall in your possession or under your control? State in full." To which he answered: "I have under my control notes, judgments, and other evidences of indebtedness belonging to Parshall, in the amount of about two thousand dollars, more or less." Thereupon the court made the following order: "On this second day of August, 1875, it is considered by me that said garnishee keep in his hands the sum of $450, and $25 to cover costs, until the further order of this court."

. The county court rendered judgment in favor of Parshall, but on appeal to the district court judgment was rendered against him and in favor of Dolby for the sum of $549.20 and costs.

Afterwards the following proceedings were had in the district court: "Plaintiff, by his attorney, on this second day of March, 1878, being the eighteenth day of this term of the court, to require R. R. Tingley, garnishee herein, to pay money into court as per his answer as garnishee, which

motion was argued and submitted to the court, and now on this thirteenth day of March, 1878, it is considered by the court that the motion be sustained."

The money not being paid this action was brought. Tingley sets up a number of defenses; those which are deemed material will be noticed.

*First,* He alleges in substance that on the fifteenth day of March, 1878, he tendered to the clerk of the district court the note of Thomas J. H. Dolby to Parshall on which there was due about the sum of $492, said note being a part of the assets in his hands as garnishee, and he is still ready to deliver said note to the court.

*Second,* That prior to the notice of garnishment Parshall was indebted to him in the sum of $921, and by agreement with him the proceeds of the assets in the hands of the garnishee were to be applied in payment of this sum. And that he has been unable to collect a sufficient sum to pay said indebtedness, and that Parshall is still indebted to him in the sum of $525.

There is also a statement of the assets at the time of garnishment and a denial of all the facts not admitted.

The reply consists of special denials of the new matter in the answer.

This is not an action to recover from the garnishee upon the ground that his answer is unsatisfactory—in other words has failed to disclose all the property under his control, but an action to recover in money for "notes, judgments and evidences of indebtedness" in his hands. Such being the case, Mrs. Dolby, as a condition precedent to the right to recover, must prove that Tingley had such money, derived from the securities in question, or has converted such securities to his use.

And this brings us to the first assignment of error, that the court erred in setting aside the report of the referee, and granting a new trial. Motions for a new trial are addressed to the sound discretion of the court, and this rule

prevails whether the ground of the motion is that the verdict is against the weight of evidence, or for accident or surprise, newly discovered evidence, or like cause. But this discretion is a legal discretion.

In *Rex v. Wilkes*, 4 Burr, 2539, Lord Mansfield says: "Discretion when applied to a court of justice means sound discretion guided by law. It must be governed by rule, not by humor; it must not be arbitrary, vague, and fanciful, but legal and regular."

Blackstone says: "A new trial will not be granted where the value is too inconsiderable to merit a second examination. It is not granted upon nice and formal objections, which do not go to the real merits. It is not granted in cases of strict right, or *summum jus*, where the rigorous exaction of extreme legal justice is hardly reconcilable to conscience. Nor is it granted where the scales of evidence hang nearly equal; that which leans against the former verdict ought always very strongly to preponderate." 3 Black. Com., 392.

In many cases it is absolutely necessary to do justice that there should be a new trial, and whenever it is apparent from the record that a new trial will be in furtherance of justice it should be granted. But on the other hand a new trial can only be granted for cause, and this must be a legal cause. That is, there must be a sufficient reason why a new trial is granted. This is in keeping with all the proceedings in court. A trial is a judicial examination of the issues in a case. These issues are specific and distinct, and the evidence is confined to them. The trial is public, and the instructions are required to be publicly given and be directly applicable to the testimony in the case, while the verdict must respond to the issues. These are safeguards that are thrown around every litigant, and every step in the procedure up to the rendition of final judgment is subject to review.

Can it be that if the court refuse a new trial its action is

subject to review, but if it grants one it is not?    It may be said that a new trial, being in furtherance of justice, is not reviewable.    But suppose it is not?    Suppose there is no sufficient cause?    Then the granting of the same is clearly error, and such has been the uniform holding of the court.    *Axtell v. Warden*, 7 Neb., 186.    *Iler v. Darnall*, 5 Id., 192.    *Kruger v. Harvester Co.*, 9 Id., 533. The right of review in such cases is unquestioned.

But it is said the plaintiff in error should have stood on his exception to setting aside the report of the referee, and that by joining in the trial before the jury he waived the objection.    Undoubtedly there are cases in relation to entering an appearance, filing papers and the like, where such a rule would prevail, upon the ground that the objection is technical merely.    But where substantial rights are affected a party is not required to desist from defending his rights in order to avail himself of material errors affecting the same.    Suppose the court should overrule a demurrer to a petition upon the ground that it failed to state a cause of action, to which exception was taken?    The objection would still be open for review notwithstanding the defendant had answered and defended the case on its merits.    In our opinion Tingley did not waive this defect by appearing and making his defense before the jury.    The question therefore arises, was there sufficient cause for setting aside the report?    The referee found in substance that Parshall was indebted to Tingley in 1873 in the sum of $921.06, which sum had not been paid in full, and that it was then agreed between the parties that Tingley was to be paid out of the assets in his hands.    He also finds that in August, 1873, Tingley advanced to Parshall the sum of $500.    The grounds of the motion to set aside the report are in substance, that the finding is against the weight of evidence; that the referee erred in excluding certain evidence as to money forwarded by Tingley to Parshall.    As to the first objection, it is sufficient to say that the clear preponderance

of the evidence sustains the finding of the referee as to the indebtedness of $921 from Parshall to Tingley, and that this sum was to be paid out of the assets in Tingley's hands, but has not yet been paid in full. In other words, the referee finds that Tingley had no funds in his hands belonging to Parshall, and therefore is not liable. The evidence as to the payments of money was also properly excluded as it related to a period antecedent to the notice of garnishment. The court therefore had no sufficient grounds for setting aside the report. The record of the trial before the jury shows a large number of material errors, which it is unnecessary to notice. The judgment of the district court upon the verdict is reversed and set aside, and also its judgment setting aside the report of the referee, and the case is remanded to that court, with directions to confirm the report of the referee and render judgment in conformity therewith.

JUDGMENT ACCORDINGLY.