EDWARD F. DAVIS v. JOSEPH HILBOURN.

FILED JUNE 5, 1894.    NO. 4587.

1. **Chattel Mortgages:** DEBTS OF THIRD PERSONS: VOLUNTARY ASSIGNMENTS. A chattel mortgage is not void as constituting a prohibited assignment for creditors solely for the reason that it is made to secure the payment of debts to third persons as well as to the mortgagee. *Hamilton v. Isaacs*, 34 Neb., 709, and *Jones v. Loree*, 37 Neb., 816, followed.

2. **Review:** VERDICT: SUFFICIENCY OF EVIDENCE. The discretion of a trial judge to set aside a verdict as not sustained by the evidence is greater than that of an appellate court. Where a verdict has for its support substantial, competent evidence, and the trial judge has refused to set it aside as being without

support, this court will not disturb the verdict, although the evidence, upon examination, may seem of doubtful credibility.

3. ———: TRIAL: INSTRUCTIONS: ASSIGNMENTS OF ERROR. The objection that the trial judge failed to instruct the jury upon the law of the case is not raised by the assignment that the court erred in giving such instructions as were given, those instructions upon the subjects to which they related being correct.

ERROR from the district court of Gage county. Tried below before BROADY, J.

*A. Hazlett* and *Rickards & Prout*, for plaintiff in error.

*R. S. Bibb, Samuel Rinaker,* and *W. V. A. Dodds, contra.*

IRVINE, C.

This action was in the nature of trover by Hilbourn against Davis, who was sheriff of Gage county, for the value of the stock, furniture, and fixtures of a restaurant formerly conducted in Beatrice by one Bromley and one Coonley. The plaintiff claimed under a chattel mortgage. The defendant justified under an execution upon a judgment against Bromley & Coonley. The answer alleged that the mortgage to plaintiff was in fraud of creditors of Bromley & Coonley. There was a verdict and judgment for plaintiff.

The assignment of error to which the argument is for the most part addressed is that the verdict was not sustained by the evidence. The evidence tends to show that in 1883 Mrs. Coonley received from her father $500, which she lent to Coonley for use in his business at six per cent interest; that he kept this money without giving any evidence of the indebtedness until early in 1889, when he formed a partnership with Bromley and opened the restaurant in Beatrice; that at this time he was indebted to his wife in the sum of $626, and that this sum was invested in the business of Bromley & Coonley, the firm making its note to Mrs. Coonley, dated May 3, 1889.

The plaintiff below, Hilbourn, also lent Bromley and Coonley $300, but took no note at that time. The business did not prosper, and in June Peycke Brothers, to whom the firm owed a bill, were pressing for payment. Hilbourn, learning of this state of affairs, insisted upon security. The firm informed him of the indebtedness to Mrs. Coonley and desired him to take a second mortgage subject to her indebtedness. This he refused to do, and eventually Mrs. Coonley indorsed her note to Hilbourn. Bromley & Coonley executed to Hilbourn their note, dated May 3, for the amount of Hilbourn's debt, and executed and delivered to Hilbourn a mortgage upon the stock in controversy to secure both notes. Mrs. Coonley's note was delivered to Hilbourn by Bromley & Coonley, and it is admitted that the indorsement to him was merely for convenience and for the purpose of collection. Hilbourn took possession under the mortgage, permitted the business to be continued for two or three days (but he claims for his own benefit and not for that of Bromley & Coonley), then closed the place of business and retained possession for a few days longer until the goods were seized by the sheriff. The foregoing are the essential facts disclosed by the evidence. We think they are sufficient to sustain the verdict.

The defendant seems, upon the trial, to have relied chiefly upon the case of *Bonns v. Carter*, 20 Neb., 566, and to have considered that case as conclusive in his favor by constituting the mortgage an assignment for creditors and therefore void for not conforming to the assignment law. Since the trial of the case in the district court, however, *Bonns v. Carter* has been overruled. (*Hamilton v. Isaacs*, 34 Neb., 709; *Jones v. Loree*, 37 Neb., 816.) The fact that the mortgage was given to secure not only Hilbourn's debt but also the debt to Mrs. Coonley did not render the instrument void as an attempted assignment, the instrument being plainly a mortgage and not an assignment, when tested by the rule announced by Judge Reese in the dis-

senting opinion in *Bonns v. Carter* upon rehearing (22 Neb., 495) and by the rule announced in *Hamilton v. Isaacs* and *Jones v. Loree, supra.* The instrument, therefore, not being void as an attempted assignment, it was valid as against the creditors of Bromley & Coonley, if given to secure *bona fide* debts of the firm and without any intention, participated in by the creditors secured, of hindering, delaying, or defrauding other creditors. The mere fact that a preference was created, if done in good faith, would not avoid the instrument. (*Hamilton v. Isaacs, Jones v. Loree, supra.*) So far as Mrs. Coonley's debt was concerned, we are aware of the rule subjecting such transactions between husband and wife to close scrutiny, and we were also impressed, upon examining this record, with the fact that the testimony of Mr. and Mrs. Coonley, when taken with the surrounding circumstances, is not above criticism. Indeed, there is much in the record calculated to arouse suspicion as to the motives of the parties to the mortgage. This question was, however, for the jury (Comp. Stats., ch. 32, sec. 20), and the jury found in favor of good faith. To this finding the trial judge, by overruling a motion for new trial, set his seal of approval. His opportunities for considering the sufficiency of the evidence were better than ours. Had he seen fit to set aside the verdict, it is probable that we would not disturb his ruling, but there being competent evidence to support the verdict, and the trial judge having considered the evidence sufficient, it is not for us to disturb his finding thereon. There is a marked distinction between the discretion which may be exercised by the trial judge, who sees the witnesses and is an eye and ear witness to the proceedings upon the trial, and that of this court, which is limited in its review of the evidence to a consideration of a written record, in which many of the tests for determining the credibility of witnesses are absent. It is for this reason that this court always refuses to weigh conflicting

evidence or to set aside a verdict which has for its support any substantial, competent testimony.  The distinction between trial courts and appellate courts upon this subject is stated with force and incontrovertible logic in *Dewey v. Chicago & N. W. R. Co.*, 31 Ia., 373.

What we have said in regard to the sufficiency of the evidence practically disposes of most of the assignments of error.  Certain instructions asked by the defendant were refused.  Some of these were based upon the rule announced in *Bonns v. Carter*, which we have already referred to.  The others were based upon the theory that the indebtedness to Mrs. Coonley was the individual indebtedness of Coonley, and not that of the firm.  Whatever may be said of the inference to be drawn from the evidence as to the motives of the parties to the transfer, there is no evidence at all to support the latter class of instructions.  The uncontradicted evidence is that while Coonley had originally borrowed Mrs. Coonley's money, it was turned over to the partnership upon its formation and treated immediately as a partnership debt, and not as an advance or contribution of capital by Coonley.

But one instruction was given by the court.  It was to the effect that if the jury should find the plaintiff had a valid mortgage, the amount of recovery should be the amount of debts secured, with interest, provided such sum did not exceed the value of the property; but if the debt exceeded the value of the property, then the verdict should be for such value, with interest from the time of seizure.  The criticism made upon this instruction is that it failed to state to the jury fully the issues and the law of the case. We think the court should have instructed the jury more fully upon the law of the case; but this instruction was correct as far as it went, and neither in the motion for a new trial nor in the petition in error do we find any assignments based upon the failure of the court to instruct upon the law of the case.  The instruction complained of

being correct in itself, the assignment of error directed against it must be overruled.

JUDGMENT AFFIRMED.