CENTRAL CITY BANK v. W. H. C. RICE.

FILED APRIL 4, 1895. No. 6338.

1. Verdict for Defendant in Action on Notes. Evidence examined, and *held* sufficient to support the verdict.

2. Review of Ruling on Motion for New Trial: SUFFICIENCY OF EVIDENCE. The discretion of a trial judge to set a verdict

aside because not sustained by the evidence is broader than that
of an appellate court.  It will be presumed that the trial judge,
in overruling a motion for a new trial grounded upon the insuffi-
ciency of the evidence, has exercised his deliberate judgment
thereon, and his ruling will not be interfered with unless clearly
wrong.  (*Davis v. Hilbourn*, 41 Neb., 35; *Dewey v. Chicago & N.
W. R. Co.*, 31 Ia., 373.)

3. **Negotiable Instruments:** DENIAL OF PLAINTIFF'S OWNER-
   SHIP.    In an action on a promissory note by an alleged indorsee
   thereof a denial of the indorsement and of plaintiff's ownership
   is a good defense.

4. **Pleading:** AMENDMENTS: REVIEW.   The permitting or refusing
   of leave to amend pleadings rests within the discretion of the
   trial court, and its action will not be reversed except for abuse
   of discretion and on its being made to appear that the party
   complaining was prejudiced.   Prejudice will not in such case be
   presumed.   *Omaha & R. V. R. Co. v. Moschel*, 38 Neb., 281, fol-
   lowed.

5. **Trial:** ADMISSION OF EVIDENCE.   Certain rulings of the trial
   court on the admission of evidence examined, and *held* not erro-
   neous.

ERROR from the district court of Merrick county.  Tried
below before MARSHALL, J.

*W. T. Thompson*, for plaintiff in error.

*J. W. Sparks* and *W. R. Watson, contra.*

IRVINE, C.

This action was brought by the bank on ten promissory
notes for $25 each, made by Rice to the order of a corpo-
ration styled the Opera House Company, and alleged to
have been indorsed and transferred to the bank.   The an-
swer denies the transfer, denies that the bank is the owner
of the notes, and then pleads specifically a number of facts
which practically, for the most part, merely support the
denials referred to.   There was a verdict for the defend-
ant, the judgment whereon the bank by this proceeding
seeks to reverse.

The principal contention is with regard to the sufficiency of the evidence. The evidence on behalf of the plaintiff tended to show that the notes sued upon were given to the Opera House Company in payment for stock issued to Rice; that a judgment had been rendered against the Opera House Company, and for the purpose of raising funds to satisfy this judgment, and for other purposes, certain stockholders of the Opera House Company, including Rice, made their notes to a banking partnership, having the same name as the plaintiff, for $1,300; and that the Opera House Company pledged as security to this note the notes sued upon, together with a number of others of like character. When the $1,300 note came due a portion thereof was paid from the proceeds of the collateral notes and the remainder thereof was paid by an absolute sale of the unpaid collateral notes to the bank, the purchase money being applied to the discharge of the $1,300 note. After this transaction the plaintiff bank was incorporated and purchased all the assets of the banking partnership, including the notes in question. The evidence on the part of the defendant tended to show that one F. M. Persinger was treasurer of · the Opera House Company, and as such officer had possession of the notes; that he was also a partner in the bank prior to the incorporation; that some of these stock notes had been lawfully pledged prior to the transaction in question; that one N. R. Persinger, also a partner in the bank and a stockholder in the Opera House Company, was in arrears to the latter for his stock payments, and that an arrangement was made whereby the bank should furnish the money to satisfy his delinquency, taking certain of of these stock notes as collateral, N. R. Persinger to indemnify the makers of the notes against loss on this account; that Metcalf, the president, and the defendant, the secretary of the Opera House Company, indorsed certain notes for the purpose of carrying out this agreement, but Persinger failed to provide the indemnity and the agree-

ment was never fulfilled.   The evidence also tends to show that while Metcalf's indorsement of the notes here sued on was genuine, Rice, as secretary, never did indorse these particular notes, and that the indorsement thereon purporting to be his is a forgery.   Defendant's evidence also tends to show in regard to the $1,300 note that a joint note of certain stockholders was to be made for that amount, and in addition thereto each of the makers was to deposit as collateral his several notes in proportion to his stock.   The minutes of the Opera House Company corroborate this theory and disclose no authority for pledging the stock notes as security to the loan.   Rice testifies that he paid the individual note thus pledged.   We think in this condition of the evidence the verdict is supported. There is certainly enough to warrant the jury in finding that the Opera House Company never authorized a transfer of the notes; that the indorsement of the secretary was a forgery, and that the pledge was made by F. M. Persinger without authority in that behalf.   It is disclosed by the record that this verdict was the result of a second trial of the case, and that a former verdict of the same character had been set aside by the trial judge.   Whether the evidence was the same we have no means of determining. On the one hand it is argued that the determination of the trial judge in overruling the motion for a new trial directed against this verdict lends weight thereto, while on the other hand we understand the argument to be that the setting aside of the former verdict has weight the other way, and that in sustaining the present verdict the trial judge did so merely to afford a more expeditious hearing in this court.   We cannot adopt the latter view.   The authority reposed in the trial court to set aside a verdict because not supported by sufficient evidence is an authority to be exercised judicially, and we must presume that the trial judge did so exercise it and that his action in overruling the motion for a new trial was the result of his delib-

·erate judgment upon the sufficiency of the evidence. Where
the evidence is conflicting and the *nisi prius* court has over-
ruled the motion for a new trial grounded upon the insuffi-
ciency of the evidence, this court will not interfere. "And
this because, first, the jury have found the verdict and
given credit to the witnesses on the one side of the conflict;
second, the judge, who also heard the testimony from the
mouths of the witnesses and weighed the same in the bal-
ance of his more cultured and accurate legal judgment, has,
by overruling the motion, given his approval and indorse-
ment to the verdict; and third, this court can never have
the benefit of observing the conduct and deportment of the
witnesses while testifying, nor even the peculiarity of their
expression.  *  *  *  The rule ought not and does not
have any application whatever to the *nisi prius* courts.
*  *  *  Whenever it appears that the jury have, from
any cause, failed to respond truly to the real merits of the
controversy, they have failed to do their duty and the
verdict ought to be set aside and a new trial granted,"
the trial judges, however, being careful not to invade the
legitimate province of the jury. (*Dewey v. Chicago & N.
W. R. Co.,* 31 Ia., 373; *Davis v. Hilbourn,* 41 Neb., 35.)

It is argued that the defendant is not in any position to
litigate the respective rights of the bank and the opera
house company. This is true, but his defense is not based
on such relations. The bank, as part of its case, must
show that it is the lawful holder of the notes. Unless the
bank is the owner of these notes, a judgment thereon would
be no defense to the defendant in an action brought against
him by the Opera House Company, or the real owner of
the same notes. It is very clear that the answer sets up a
good defense. (*Schroeder v. Nielson,* 39 Neb., 335.)

On the trial the defendant was given leave to amend by
interlineation his answer so as to deny the genuineness of
the indorsements on the notes. The granting of this leave
is assigned as error. The permitting or refusing of amend-

ments rests within the discretion of the trial court, and this court will not review the action of the trial court in that regard unless it be made to appear that there was an abuse of discretion to the prejudice of the party complaining. Prejudice will not be presumed. (*Omaha & R. V. R. Co. v. Moschel*, 38 Neb., 281.) It was not made to appear that this amendment prejudiced the plaintiff. The plaintiff did not even ask a postponement in order to obtain an opportunity of meeting the new issue. Error therefore does not appear.

Certain assignments of error relate to the evidence. N. R. Persinger was called by the plaintiff to identify the notes sued on, and testified that they had been transferred by the banking partnership to the plaintiff bank. On cross-examination he was asked, "Is the signature on the face of those notes and the signature to the indorsements of them the same? Look at each one carefully." This was objected to as not proper cross-examination and the overruling of the objection is assigned as error. While the genuineness of the indorsements by the Opera House Company to the banking partnership was not within the scope of the direct examination, we think it was proper in cross-examination as to the identity of the notes, which was the subject-matter of the direct examination, to call attention to the peculiarities which might affect the witness' judgment as to the identity of the papers.

Error is also assigned because the defendant was permitted to testify that he never indorsed his name to the notes. It is argued that his indorsement was not necessary to transfer these notes to the bank; but conceding that this is true, still, if he had indorsed them for the purpose of transferring them to the bank he could not now maintain a defense on his own behalf based on his want of authority so to do. This evidence was material at least for the purpose of avoiding the estoppel. The defendant was also permitted to testify that he had not, as secretary of the com-

pany or as a stockholder, authorized Persinger to turn over the notes to the bank. This was admissible on the same ground as the last question. He was further asked whether the Opera House Company had, by resolution, authorized the transfer. It is argued that this question was misleading because authority might be given otherwise than by resolution, but it was proper, by proof, to negative *seriatim* and not collectively all the methods of transfer, and while the contents of a resolution might not be proved by parol, it is always permissible in such cases to inquire of a witness as to the existence of a written instrument as preliminary to its production, proof, or identification.

A page of the treasurer's book was offered in evidence, but two items thereon were excluded on objection of the defendant. The exclusion of these items is assigned as error. No offer was made disclosing the materiality of these items, and while, perhaps, the whole page should have gone in evidence, if any portion was admitted, still, as counsel did not point out in what respect the excluded items were material, and as we cannot conceive from an examination of the items themselves how they were material, the error, if error it was, was without prejudice.

JUDGMENT AFFIRMED.

POST, J., not sitting.