CITY OF OMAHA v. HARRY CROCKER.

FILED FEBRUARY 9, 1905. No. 13,687.

New Trial: REVIEW. On proceedings in error from an order granting a new trial, the grounds for the sustaining of the motion not appearing in the record, it will be presumed that the action of the trial court was correct; and the plaintiff in error must show affirmatively that none of the grounds alleged in the motion for new trial was valid and sufficient to justify the order before this court will interfere.

ERROR to the district court for Douglas county: WILLARD W. SLABAUGH, JUDGE. *Affirmed.*

*C. C. Wright* and *W. H. Herdman,* for plaintiff in error.

*I. R. Andrews, contra.*

LETTON, C.

This action was begun by defendant in error Harry Crocker, as plaintiff, against the city of Omaha, defendant, to recover damages on account of injuries alleged to have been sustained by him on account of the negligence of the city in the maintenance of one of its streets. The case was tried to a jury, and a verdict rendered in favor of the plaintiff and against the defendant, assessing the plaintiff's recovery at the sum of $50. Plaintiff then filed a motion for a new trial, assigning many grounds therefor, which motion was sustained by the court, the verdict set aside and a new trial ordered. Exceptions were properly taken and preserved by the defendant. Afterwards the plaintiff procured the action to be dismissed without prejudice, to which the defendant excepted. The city of

Omaha, plaintiff in error, seeks to review the order of the district court sustaining the motion for a new trial, and subsequently dismissing the cause without prejudice. Plaintiff in error contends that the provisions of section 315 of the code, which provides that "a new trial shall not be granted on account of the smallness of damages in an action for an injury to the person or reputation, nor any other action where the damages shall equal the actual pecuniary injury sustained," apply; that the district court granted the new trial on account of the smallness of damages, and that therefore its action was erroneous.

The record does not show upon which of the numerous grounds assigned therein as error the district court sustained the motion for a new trial, and counsel differ in their contentions as to the reason for the ruling of the court. This court will not lightly interfere with the discretion of the district court in granting a new trial. It is within the experience of every lawyer and judge that it sometimes happens that a litigant suffers grave prejudice during the trial of his case in such manner that it would be difficult to make the same appear clearly to a reviewing court, while at the same time the prejudice is obvious to the judge who presides at the trial. In such case it is the duty of the trial judge, of his own motion if need be, to grant a new trial in furtherance of justice. *Weber v. Kirkendall,* 44 Neb. 766. The presumption is that a judgment or order of the district court acting within its jurisdiction is correct. *Central City Bank v. Rice,* 44 Neb. 594.

In such a case as this, where it is impossible to ascertain from the record upon which of the many grounds assigned in the motion the court acted, it must appear affirmatively that none of the grounds of the motion for a new trial are sufficient, before the party complaining will be entitled to a reversal. *Ryan v. Topeka Bridge Co.,* 7 Kan. 207.

The plaintiff in error has failed to satisfy us that none of the grounds assigned in the motion were sufficient to justify the action of the court in granting a new trial,

and therefore we recommend that the orders allowing a new trial and allowing defendant in error to dismiss the action without prejudice be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.