FISK TIRE COMPANY, APPELLANT, v. HASTINGS WAREHOUSE & STORAGE COMPANY ET AL., APPELLEES.

FILED JULY 1, 1936. No. 29705.

*Harry F. Russell, R. O. Canaday* and *Cloid J. Wilson,* for appellant.

*James D. Conway, contra.*

Heard before GOSS, C. J., GOOD, DAY, PAINE and CARTER, JJ., and BLACKLEDGE and LANDIS, District Judges.

CARTER, J.

Plaintiff brought this action against the defendants to

recover on a note for $500 and two checks in the amounts of $200 and $159.50. The verdict of the jury was for the defendants and judgment was entered thereon. From the overruling of its motion for a new trial, plaintiff appeals.

Defendants in their answer admitted the execution and delivery of the note and checks in question and alleged as a defense that they were given as evidence of a conditional agreement to pay, their promise to pay being contingent upon the payment of the amounts due thereunder to defendants by Guy Kimports, who was doing business as the Galloway Tire & Battery Company, and Kimports not having paid any of the amounts due, there was no liability on the part of defendants.

It appears from the record that for some time prior to July, 1931, Kimports had been handling the tires and other products of the Fisk Tire Company, the plaintiff herein. Having failed to pay his account promptly, plaintiff made arrangements with defendants to ship its merchandise to them for delivery to Kimports as he required it in his business. All the shipments involved in this action were sent to defendants on a collect-on-delivery basis. Kimports obtained tires and accessories from defendants from time to time and gave his checks in payment thereof which were never paid because of insufficient funds. The representative of plaintiff later came to Hastings and accepted the note and checks sued upon from the defendants as a settlement of its claim against the defendants. Defendants contend that it was agreed that the note and checks were to be paid only when Kimports paid the amounts to them. This was denied by plaintiff's witnesses. The verdict of the jury determined this matter favorable to the defendants.

Plaintiff contends that the terms of the note and checks could not be disputed by parol evidence and that the defendants have failed to plead or prove a defense. Whether or not this contention is true in this case, it can avail the plaintiff nothing. Plaintiff did not object to the parol evidence offered. While it is true that plaintiff moved for a

directed verdict at the close of all the evidence, it failed to complain of the action of the court in overruling it in its motion for a new trial. This court has held many times that such alleged errors must be set forth in the motion for a new trial before they can be considered by this court.

There remains only the question whether the evidence was sufficient to sustain the verdict. The evidence was very conflicting. The case was presented on a theory acceptable to both parties. No error in the instructions is charged. The jury believed the story as told by the defendants. We are not in a position to say that their verdict was clearly wrong. The trial court rightfully overruled plaintiff's motion for judgment notwithstanding the verdict and its motion for a new trial. We are obliged to hold, under the record before us, that the trial court committed no error prejudicial to the rights of the plaintiff. The judgment is therefore

AFFIRMED.