LOUIS GREENBERG, APPELLEE, V. FIREMAN'S FUND
INSURANCE COMPANY OF SAN FRANCISCO,
CALIFORNIA, APPELLANT.
LOUIS GREENBERG, APPELLEE, V. NATIONAL RESERVE
INSURANCE COMPANY OF ILLINOIS, APPELLANT.
LOUIS GREENBERG, APPELLEE, V. MINNEAPOLIS FIRE AND
MARINE INSURANCE COMPANY OF MINNEAPOLIS,
MINNESOTA, APPELLANT.
35 N. W. 2d 772

Filed January 28, 1949.   Nos. 32464, 32465, 32466.

*Fraser, Connolly, Crofoot & Wenstrand* and *W. H. Wright,* for appellants.

*Eugene D. O'Sullivan,* and *Beber, Klutznick, Beber & Kaplan,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

SIMMONS, C. J.

This appeal involves three separate actions which were brought against three insurance companies to recover for damages to a stock of merchandise by fire. The defense in all three cases was that the fire was brought about by the act, design, and procurement of the plaintiff. The fire occurred June 30, 1940. The

petitions were filed May 6, 1941. The actions were consolidated for trial, and are consolidated here on appeal. Trial began during the February 1942 term of the court on February 9, 1942, and resulted in a verdict for the defendants on March 6, 1942, on which judgments for the defendants were entered that day. Motions for a new trial were filed March 9, 1942. On November 3, 1942, at the October 1942 term of the court, the motions for a new trial were heard and granted. Thereafter at the October 1947 term of court and on January 19, 1948, the matters again went to trial, resulting in a verdict on January 29, 1948, for plaintiff. Motions for new trial were filed February 6, 1948, and overruled February 26, 1948.

The first two grounds for the motions of February 6, 1948, were that the court erred in vacating and setting aside the verdict of the jury rendered on the first trial of the actions, in which there was a verdict for the defendants, and in granting a new trial. This appeal by the defendants challenges the correctness of the court's ruling on those matters. We accordingly are presented the specific questions of the scope of the power of the district court to hear a motion for a new trial filed within time, and to set aside a verdict and judgment at a term subsequent to that in which the verdict and judgment were rendered and entered, and the scope of our power and the procedure to review that action. We find that the trial court erred in granting the new trial and order the reinstatement of the judgments for the defendants.

It is the defendants' contention that while an order of the trial court will not be disturbed here unless it clearly appears that no tenable ground existed therefor, yet, if it appears that no tenable ground existed, the action of the trial court constitutes an abuse of discretion and should be reversed, and that no ground exists here.

It is the plaintiff's contention that unless it clearly and unequivocally appears that no tenable ground existed

to sustain the motion that the decision granting the new trial will be sustained on appeal, and that the burden is upon the complaining party to show that there was an abuse of discretion and that defendants have not met that burden. Plaintiff further contends that it is the correctness of the order as a whole that is controlling.

These contentions and arguments based on them have caused us to re-examine and restate the rules that govern the district court in considering motions for a new trial in law actions involving jury trials, and likewise the rules that apply here in considering assignments of error based thereon. It is appropriate that this be done now in view of the provisions of section 25-1315.03, R. S. Supp., 1947, providing that an order granting a new trial is an appealable order. It is recognized that there is lack of clarity and consistency in our many decisions dealing with these questions, and that the rules here stated modify and in some instances overrule prior decisions.

The purpose of a new trial is to enable the court to correct errors 'that have occurred in the conduct of the trial. Tomer v. Densmore, 8 Neb. 384, 1 N. W. 315; Weber v. Kirkendall, 44 Neb. 766, 63 N. W. 35; Bailen v. Badger Import Co., 99 Neb. 24, 154 N. W. 850.

The motion for a new trial is a statutory remedy, and a new trial can be granted by a court of law only upon the grounds, or some of them, provided for by the statutes. Risse v. Gasch, 43 Neb. 287, 61 N. W. 616.

The district court has an inherent power as a matter of judicial grace to consider assignments of error and to grant a new trial even though the motion was not made within the time required by statute. The inherent power of the court to grant a new trial is limited to those situations where prejudicial error appears in the record of the proceedings. It expires with the term of court at which the judgment was rendered. Weber v. Kirkendall, *supra;* Bradley v. Slater, 55 Neb. 334, 75

N. W. 826, on rehearing, 58 Neb. 554, 78 N. W. 1069; Netusil v. Novak, 120 Neb. 751, 235 N. W. 335; First Nat. Bank v. Broyles, 122 Neb. 414, 240 N. W. 546; Hamaker v. Patrick, 123 Neb. 809, 244 N. W. 420. Accordingly, we are not here dealing with a case involving the inherent power rule.

The alleged errors that may be considered in the district court are those which appear in the record of the proceedings which resulted in the verdict and judgment about which complaint is made and which are called to the attention of the trial court by the motion or appropriate pleading. Tomer v. Densmore, *supra;* Tingley v. Dolby, 13 Neb. 371, 14 N. W. 146; Bush v. Bank of Commerce, 38 Neb. 403, 56 N. W. 989; Bee Bldg. Co. v. Dalton, 68 Neb. 38, 93 N. W. 930; Kleutsch v. Security Mutual Life Ins. Co., 72 Neb. 75, 100 N. W. 139; Trute v. Holden, 118 Neb. 449, 225 N. W. 238.

Mere trifling errors are not sufficient to authorize the granting of a new trial. Parsons v. Chicago & N. W. Ry. Co., 110 Neb. 836, 195 N. W. 477. Errors sufficient to cause the granting of a new trial must be errors prejudicial to the rights of the unsuccessful party. Snyder v. Jennings, 15 Neb. 372, 19 N. W. 501; Weber v. Kirkendall, *supra.* As stated by the statute they are errors "affecting materially the substantial rights of such party." § 25-1142, R. S. 1943.

The district court has the power and is required to consider and determine motions for a new trial by the exercise of its judicial discretion. The word "discretion" is one of variable meanings depending on its use. In Tingley v. Dolby, *supra,* we quoted with approval this definition by Lord Mansfield: "Discretion when applied to a court of justice means sound discretion guided by law. It must be governed by rule, not by humor; it must not be arbitrary, vague, and fanciful, but legal and regular." As used in the connection here presented it means that the court in its ruling must be guided and governed by applicable law. It means the

application of statutes and legal principles to all of the facts of a case. Shopiro v. Shopiro (Cal. App.), 153 P. 2d 62.

A new trial is to be granted for a legal cause and where it appears that a legal right has been invaded or denied. A new trial is not to be granted for arbitrary, vague, or fanciful reasons. Tingley v. Dolby, *supra;* Missouri Pacific Ry. Co. v. Hays, 15. Neb. 224, 18 N. W. 51; Wagner v. Loup River Public Power District, *ante* p. 7, 33 N. W. 2d 300.

The power of judicial discretion authorizes and requires the court to determine the question as to whether or not a legal reason exists for the granting of a new trial. If a legal reason exists and the complaining party makes his application in writing within the time fixed by statute the court has no discretion in the matter and the motion must be sustained. If a legal reason does not exist the court has no discretion in the matter and the motion must be denied. Tingley v. Dolby, *supra;* Bradley v. Slater, 58 Neb. 554, 78 N. W. 1069.

While the trial judge need not give his reason for reaching a decision, the justification of the decision must be one that can be established from the record.

Where a ground or grounds for a motion for a new trial present a question or questions of fact which are in dispute, the district court becomes the judge of such questions of fact. Sang v. Beers, 20 Neb. 365, 30 N. W. 258. If a party desires a review of that determination, the showing thereon must be preserved in the record. That rule does not authorize the district court to invade the province of the jury and to set aside the verdict and grant a new trial because the court arrived at a different conclusion than the jury on the evidence that went to the jury. Risse v. Gasch, *supra;* Central City Bank v. Rice, 44 Neb. 594, 63 N. W. 60.

Where a party has sustained the burden and expense of a trial and has succeeded in securing the judgment of a jury on the facts in issue, he has a right to keep

the benefit of that verdict unless there is prejudicial error in the proceedings by which it was secured. In Bee Bldg. Co. v. Dalton, *supra,* we condemned a contention that, sustained, would have permitted a party to take his case from one court to another until fortune favored him with a judge who was in accord with his view of the law and the construction of the evidence. By the same reasoning a party should not be permitted to take his cause from one jury to another until he finds one that will accept his version of the facts. A party is not to be subjected to the expense of litigation which settles nothing. The integrity and maintenance of the jury system require that such be the rule. The public does not maintain the courts and the expense of jury trials for experimental investigations, but rather to determine controversies. Hence it is no answer to a claim of prejudicial error in granting a new trial to say that the party is not harmed because he has a second chance to establish his rights.

The ruling of the court on a motion for new trial is subject to review here. School District v. Bishop, 46 Neb. 850, 65 N. W. 902; Pettegrew v. Pettegrew, 128 Neb. 783, 260 N. W. 287. Whether the decision was to grant a new trial or deny one, the questions here are, do the alleged error or errors appear in the record, were they called to the attention of the trial court by the motion, and do they constitute prejudicial error to the party complaining. Rules of law will be applied to those assignments of error here with the same requirements whether the decision granted or denied a new trial. An order granting a new trial will be scrutinized here with the same care as one denying a new trial.

There is no burden in the sense of a burden of proof upon either party. The burden is upon both parties to assist the court to a correct determination of the question or questions presented.

Under this rule if the trial court gave reasons for the granting of a new trial, the duty rests upon the appel-

lant to present those reasons and in appropriate manner support his contentions that those reasons are not sustainable from the record and applicable rules of law. The appellee has then the duty, if he desires, of meeting those contentions. The appellee has the right to point out and submit additional reasons to sustain the trial court's judgment.

If, as in the instant case, the trial court gave no reasons for its decision, then the appellant meets the duty placed upon him when he brings the record here with his assignments of error and submits the record to critical examination with the contention that there was no prejudicial error. Under these circumstances the appellant is not required to establish a negative. The duty then rests upon the appellee to point out the prejudicial error that he contends exists in the record and which he contends justifies the decision of the trial court. The appellant then in reply has the right, if he desires, of meeting those contentions.

By that process the questions to be determined here are presented in a practical manner. Those errors will then be considered and determined here so far as necessary to the appeal, subject, of course, to our right to notice and consider plain errors not assigned. Such a procedure fully protects the rights of the parties. Substantially it is the procedure which the parties have followed in the instant case.

The bill of exceptions of the first trial is here. The record shows that plaintiff conducted a shoe and clothing business in South Omaha. The store, about 20 x 75 feet in area with a basement, was in the congested business area on the principal street. Plaintiff's lease was expiring and on Saturday, June 29, 1940, he was beginning to move to a new location. In that process a quantity of empty boxes, paper, etc., accumulated in the rear of the store. Plaintiff was conducting his business as usual that day, while also having employees move some merchandise. Some shelving had already

been moved. The store closed for business at 10 p. m. Plaintiff and his wife, and two of plaintiff's employees, remained in the store until midnight when the two employees went home. The testimony of plaintiff and his wife is that they remained in the store until 1 a. m., working and getting goods ready for moving the following day, and that they left the building and went home by auto at that time and plaintiff remained there until notified of the fire the next morning. It is undisputed that fire was discovered in the store about 2:30 a. m., and thereafter spread rapidly. The defendants offered the testimony of four people who said that they were in front of the store at 2:30 a. m., and discovered the fire. They testified that just before they saw the fire a man came out of the store, got into a car in which a lady was sitting, and drove rapidly away. One or more of the witnesses positively identified the man who left the store at that time as the plaintiff. This evidence was denied and an effort made to show that two of these witnesses undertook to sell their silence before they related to the authorities what they said they had seen. The evidence is that the fire when discovered was burning in the rear of the room near the accumulated paper and cartons and spread rapidly throughout the store. The building was a one-story structure with an enclosed attic. It was the plaintiff's theory that the fire started from defective wiring in the attic and that the lower fire in the storeroom was ignited by falling material. It was defendants' theory that the fire started from below and spread to the attic. The trial was of several days' duration and the questions of fact exhaustively investigated.

The plaintiff argues here that the verdict was unwarranted by the evidence; that no motive for arson was established; that plaintiff's every act contradicts any inference of arson; that the physical facts do not support an inference of arson; that the testimony of the witnesses who swore they saw plaintiff leaving the store was en-

tirely discredited; and that the trial court was justified in setting the verdict aside.

We have examined the record. Without further discussing the evidence that went to the jury, it presented questions, the determination of which was within its jurisdiction. The jury's decision is controlling unless prejudicial error occurred in the trial.

It further is argued that the actions, demeanor, and statements of counsel and witnesses for the defendants were heard and observed by the trial court, and that the trial court had the right to consider those matters in determining the granting or denying of a new trial. The fault with that reasoning is that it is for the trial jury to weigh those matters in reaching a verdict. Those considerations are not for the court in exercising its judgment on the motion for a new trial.

Plaintiff advances two rulings upon the admission of evidence which it is contended constitute prejudicial error.

Defendants offered the testimony of a chemist who was asked, "* * * are there inflammable materials which burn and leave no odor or give no smell at the time they are burning?" He answered, "Yes." The evidence was admitted without objection. Before this evidence was offered and received plaintiff had asked the battalion fire chief on cross-examination if he had found "inflammable material or anything" on the premises, and had received an answer that he had not. Obviously the defendants were merely meeting the inference arising from the evidence that plaintiff had already introduced. Be that as it may, the rule is that where testimony is offered and admitted in evidence without objection being made thereto, error cannot be predicated thereon on appeal. Fisk Tire Co. v. Hastings Warehouse & Storage Co., 131 Neb. 401, 268 N. W. 86. The rule applies to the district court when reviewing its own proceedings on motion for a new trial.

Finally, plaintff contends that there was prejudicial

error in, the admission of an answer to a question propounded to the investigator for the Omaha Fire Department." It was his duty to check supposed incendiary fires and fires of unknown cause. He had visited the scene of the fire and made such an investigation. The question was: "Now, Mr. O'Sullivan asked you what opinion you gave. What is your opinion now * * * as to whether this fire was incendiary, and on what do you base it?" Objection was made that it invaded the province of the jury and called for pure speculation and conclusion of the witness. The witness was permitted to answer and said, "After investigation, of course, it's like—it's as much incendiary, to my notion, as any that I ever worked on." Motion to strike the answer as stating a conclusion and opinion of the witness was overruled.

Plaintiff contends this constituted prejudicial error for the reason that it permitted the witness to express his opinion on the ultimate fact to be determined by the jury; it permitted the witness to express his opinion upon a subject where expert opinion is not admissible; it was not limited to facts in evidence; and it permitted the witness to make a voluntary comparison.

It is necessary that other parts of the evidence be stated which were received prior to this question and answer. On cross-examination of the battalion fire chief, plaintiff asked and received an affirmative answer to this question: "Now, it is true that you didn't find a single thing that would indicate that this was a set fire * * * ?" Plaintiff on cross-examination of the investigator asked about whether he found inflammable or highly combustible liquids or containers for such liquids on the premises. Plaintiff further asked him if it was not true that he had reported to the battalion chief "* * * the fact that you found nothing at all wrong, and nothing that would suggest to you that the fire was of incendiary origin, * * *" and received the answer that he might or might not have made such a statement. Pressed further

on cross-examination the witness answered that the investigation was not over and he wouldn't make up his mind at that time. On redirect the witness stated that he did say to the battalion chief that he did not find any benzene or gasoline.

Then, on redirect, came the question and answer about which objection is made. The witness was asked, "Why do you say that" and over objection was permitted to state his reasons, one of which was the finding of the witnesses who said they saw the plaintiff leaving the building at the time of the fire. On motion his answer was stricken. Plaintiff then moved to strike all of the witness' testimony "as to his opinion of the fire" because it was an opinion and conclusion, and without sufficient foundation. The motion was overruled. Plaintiff then asked on recross if he had not testified at a previous hearing that he didn't find a single thing to indicate that it was a "set fire" and that he found no inflammable material or anything there. The witness answered that he so testified.

It is noted that the previous questions went not only to the fact of no inflammable substances being found, but also to whether or not anything was found that would "indicate" a set fire and anything that would "suggest" that the fire was of incendiary origin. These questions obviously called for the witnesses mentally to note what they had found at the scene of the fire, to resolve the question of incendiary origin, and to express that conclusion. Had there been an affirmative answer, the conclusion and opinion of the witnesses would have been expressed or implied in the answer. In fact the answers elicited carried with them the implied conclusion of the witnesses that at that time it was their conclusion that the facts found would not support a determination of incendiary origin. The questions obviously had that purpose. It also is obvious that the investigator so construed the questions when he answered that he could not make up his mind at that time—an answer that was

received without objection. It likewise is obvious that the parties themselves so construed the questions, for defendants said, "Mr. O'Sullivan asked you what opinion you gave" and plaintiff did not object to that premise. In short, plaintiff opened the subject and produced evidence of the expert witnesses as to their opinions and conclusions at the time of the fire. The precise question then is this: Was it prejudicial error for the court to permit the defendants to put in evidence the opinion of the witness at a later date when the plaintiff had opened the question and offered and caused like evidence of the opinion of the witness and another to be received.

An expert or skilled witness may be properly re-examined as to matters concerning which he was cross-examined. 32 C. J. S., Evidence, § 560, p. 376; 70 C. J., Witnesses, § 854, p. 699; Fitzgerald v. Omaha & C. B. St. Ry. Co., 97 Neb. 856, 151 N. W. 931.

Plaintiff having sought and secured the benefit of the witness' opinion at the time of the fire cannot predicate error upon the defendants having thereafter sought and secured the benefit of the witness' opinion at a later date.

No prejudicial error appears from the record in the first trial which resulted in the verdict for the defendants. Defendants accordingly are entitled to keep the benefit of that verdict. It follows that the trial court erred to the prejudice of the defendants in setting aside the verdict in the first trial and granting a new trial.

This conclusion renders unnecessary the determination of the questions presented by the defendant as to the allowance of attorneys' fees.

The judgment of the district court is reversed with directions to set aside the verdict and judgment for the plaintiff rendered and entered as a result of the second trial, and to re-enter judgment for the defendants on the verdict rendered at the first trial.

REVERSED AND REMANDED WITH DIRECTIONS.

PAINE, J., not participating.