GORDON NELSON, APPELLEE, V. ANTON WIEPEN ET AL., APPELLANTS.

48 N. W. 2d 387

Filed June 14, 1951. No. 32981.

*Clarence E. Haley*, for appellants.

*John E. Newton* and *C. M. Kingsbury*, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

This is an action at law brought by the plaintiff Gordon Nelson to recover damages for personal injuries he received and damages to. his automobile resulting from a collision between his automobile, driven by his brother Dale Nelson, and the automobile owned by the defendant Anton Wiepen, driven by his minor son Bruno Wiepen who was not the holder of a driver's license and allegedly driving his father's car with his father's consent, which is disputed. The accident occurred in an intersection in Cedar County. The case was tried to a jury resulting in a verdict in favor of the plaintiff in the amount of $2,569.30. The plaintiff filed a motion for a new trial which was sustained by the trial court. The defendants appeal.

For convenience we will refer to the parties as originally designated in the district court.

We deem it unnecessary to set forth the pleadings or the evidence. Suffice it is to say thereunder the questions of negligence and contributory negligence on the part of the plaintiff were for the jury to determine. The trial court properly instructed on this phase of the case, and also on the comparative negligence rule.

The sole question to be determined in this appeal is whether or not the trial court erred in granting the plaintiff a new trial. The trial court did not give a reason for granting a new trial, however, it need not do so. Justification for so doing must be found in the record.

There is no burden in the sense of a burden of proof upon either party. The burden is upon the parties to assist the court to a correct determination of the question or questions presented.

Alleged errors will be considered and determined here as far as necessary to the appeal, subject, of course, to the right to notice and consider plain errors not assigned.

See Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 772.

After review of the record, in compliance with the rules announced in the afore-cited authority, we determine the only meritorious assignment of error. The plaintiff assigns as error that the trial court failed to instruct the jury with reference to loss and reduction of earnings and of earning capacity, and by such failure committed prejudicial error as against the plaintiff.

The plaintiff's amended petition pleaded that the plaintiff suffered damages by loss of earnings or income from his business to the extent and in the amount of $4,000. In this connection the record discloses that the plaintiff, as a result of the accident, sustained numerous bruises, contusions, and injury to his brain as a result of which he suffered several months from headaches, pain in his arm and shoulder, impairment of his eyesight and hearing, and loss of memory. The plaintiff was 33 years of age at the time of the accident, and his health was good. He was engaged in the business of auctioneering, the buying and selling of livestock, and also in the seed business. He entered the hospital at Yankton, South Dakota, the afternoon of August 1, 1949, an hour or so after the accident in which he had been involved. He was unconscious at the time. After arrival at the hospital he was given a complete physical examination. As a result of this examination a specialist was called in who examined him and recommended an operation on his brain which was performed the next day. He was released from the hospital on August 18, 1949. He remained unconscious or semi-conscious from the time of his admittance until the time he returned home. After arriving home, due to the injuries above described, he was unable to use his arm, to dress himself, or to stand unassisted. He improved to some extent in two or three months. His eyes did not function normally and the hearing of his right ear was slightly affected. His upper lip and tongue were

thick, and he noticed it to considerable extent for the reason that he was unable to cry a sale. He had no endurance. His voice was weak, and he was required to employ help to assist him in any sales he might have and to do other business in which he was engaged.

After his removal from the hospital he was examined on several occasions by an eye, ear, nose, and throat specialist for double vision which he suffered for some period of time following the accident. The specialist who operated on the plaintiff's brain testified he would be permanently disabled to carry on his occupation or business to the extent of 10 to 20 percent. The eye specialist gave as his opinion that the plaintiff would suffer 15 percent disability to carry on his usual ordinary business, due to the double vision of his eyes which had improved but was not entirely corrected.

The evidence further shows that the plaintiff's expenses for medical attendance, operation, medicines, nursing, X-rays, and the damage to his automobile totaled $2,289.08. The evidence also shows that the average income of the plaintiff from his business for two years prior to the date of the accident was $7,650. The year following the date of the accident, the record shows items of expense as a result of the accident which the plaintiff claimed reduced his net income for that year to $1,425.

It is true the trial court in instruction No. 1 restated the amended petition including the allegation therein with reference to loss of earnings. However, in the instruction on the measure of damages the court informed the jury as to the elements it might take into consideration in determining the measure of damages. In so doing the court left out of this instruction any statement with reference to the diminution of earning capacity of the plaintiff or loss of earnings or income. Even though instructions were given upon the expectancy tables in evidence and upon the decreased value of the dollar in purchasing power, such instructions were not sufficient

to cure the absence in instruction No. 1 of the diminution of earnings or loss of earnings and income, as pleaded, and on which there is evidence that goes to the quantum of the proof of the damages suffered by this plaintiff, an issue in the case. The following authorities are applicable:

"Where the pleadings and evidence sufficiently raise such issue, the court in a personal injury case should properly instruct the jury concerning damages for loss of time or earnings." 25 C. J. S., Damages, § 185, p. 890.

"Where the issue is duly raised, the court may and should advise the jury that it may award damages for impaired earning capacity, by instruction in proper form and correctly stating applicable rules, * * *." 25 C. J. S., Damages, § 185, p. 891. See, also, 15 Am. Jur., Damages, §§ 379, 380, p. 818.

In Crecelius v. Gamble-Skogmo, Inc., 144 Neb. 394, 13 N. W. 2d 627, the court said: "In an action for damages for personal injuries which are permanent and have impaired the earning capacity, damages for pecuniary loss by reason of decreased earning power are to be based on life expectancy immediately before the injury and for future mental and physical suffering on probable expectancy of life in plaintiff's injured condition. * * *

"The only future pain and suffering which a jury is entitled to consider in the assessment of damages is such as the evidence shows with reasonable certainty will be experienced."

It is the duty of the court to instruct the jury upon the issues presented by the pleadings and evidence, whether requested so to do or not. See Fimple v. Archer Ballroom Co., 150 Neb. 681, 35 N. W. 2d 680.

For the reasons herein given, the judgment of the trial court in granting the plaintiff a new trial is affirmed.

AFFIRMED.