AUGUST TERM,
1838.

Donaldson
v.
Anderson & others.

---

DONALDSON v. ANDERSON & OTHERS.

Petition in debt. Where there has been personal service, and defendant pleads within the two first days of the term, or at such time before as the court may prescribe, the trial must be at the same term; but where there is no personal service, the defendant has six days to plead in, and if he so pleads, the cause is continued as in ordinary actions.

*S. Kirtley*, counsel for plaintiff, cited:
Mo. Stat. 449, sec. 3, 4, 5.

*U. Wright*, counsel for defendant, cited:
3 vol. Mo. Dec. p. 399; Rev. Code, p. 449.

McGirk, Judge, delivered the opinion of the court.

Anderson, Duncan and Sneed brought an action against Donaldson on an assigned note by petition and summons

in the circuit court of Monroe county. It appears by the sheriff's return that the process of summons was served by leaving a copy of the same with the defendant's wife, fifteen days before the return day thereof, and that there was no personal service. An issue was made up for trial, and at the return term the cause was called for trial. The defendant objected to go to trial at that term, insisting that in such cases where there was not personal service, the defendant had a right to a continuance, of course, without showing cause. The court, however, required the defendant to go to trial, unless he showed cause for a continuance, which he did not do. This is the matter of error alleged in the case. Mr. Wright, of counsel for the plaintiff in the court below, relies on the construction of the act of the Revised Code of 1835, p. 449. The question made in this case for the court, arises out of the 3d and 4th sections of the statute. The act provides for the petition in debt and summons, and then in the latter part of the 3d section it is declared, " that a writ of summons or capias may be sued out, executed and returned in the same manner and with like effect as upon a declaration in the ordinary form." It seems to me that there can be no difficulty in understanding the meaning of this part of the law, nor indeed does any seem to exist on the part of the counsel. The 4th section then provides, "that if the defendant shall have been personally served with the process, he shall plead to the merits of the action on or before the second day of the term at which he is bound to appear." Let it be remembered, the only thing as yet which saves him from pleading to the merits on before the second day of the term is, that if there has not been personal service of the writ, then the statute does not command him to do so; but, on the contrary, if the same has been personal, then he is bound so to plead. But as to the time of pleading, the law-maker seems to have remembered that, though two days are given for that purpose in the cases where there has been personal service, yet what shall be done in cases where the business of the court does not require the court to remain in session two days? Shall the court be holden two days to give such defendant two whole days or not? The law-maker answers the question by declaring, "if the term does not last two days, then the defendant shall be subject to such rule as to when he shall plead as the court shall direct." This is, in my view, all the statute has accomplished, by the third section, so far. Then the section proceeds with

AUGUST TERM, 1838.

Donaldson
v.
Anderson & others.

Petition in debt. Where there has been personal service, and defendant pleads within the two first days of the term, or at such time before as the court may prescribe, the trial must be at the same term; but where there is no personal service, the defendant has six days to plead in, and if he so pleads, the cause is continued as in ordinary actions.

a new idea, that is, to declare when the suit so pleaded to shall be tried. The balance of the section, therefore, proceeds to declare that the suit in such cases shall be determined at the same term, unless continued for good cause. The question is made, what is meant by the, words "and the suit in such cases shall be tried at the same term. unless," &c.? What suits in such cases, are meant? To find out what sort of suit is to be tried, we must look at the cases to which we are referred. The words, "such cases," here refers to conditions of suits. The first condition we find a suit in, when we stand at the latter end of the section and look back, is the case where the court is about to adjourn before the end of two days, and the defendant has, in consequence of such anticipated adjournment, been ruled to plead before the end of two days, and he has done so; this being done, his suit is ripe for trial at the term. The trial, in this case can, nevertheless, only be had if the farther circumstance exists that there has been personal service. This is one case. Another is, where the defendant has been served with personal service, and he has, without any rule or order of the court, had two days to plead in, and he has so pleaded, then his cause is ripe to be tried at the same term. This condition of the cause forms another case, and in my opinion, satisfies the reference made by the words, "the suit in such cases shall be tried at the return term." But Mr. Wright, of counsel for the plaintiff in the court below, wishes to grasp another character of cause within the class to be tried the first term. He thinks "such" refers to all in the act mentioned; and there is only one other, which is, that character of cause where there has not been personal notice, which is the case of the defendant in the court below. The third section has said, when there is a summons, the effect of a service shall be precisely the same as if such service had been made in an ordinary case. Now what is the effect of a service of a writ by the sheriff in an ordinary case? The effect of service, whether personal or constructive, is alike; the defendant is bound to plead within six days after the return day; and the further effect is, that when he does so plead, he is entitled to have his cause continued, without cause being shown, to the next court. But in the fourth section, the legislature clearly intended to distinguish between the cases of personal and constructive service; in the first, the trial is to be had at the return term; in the second case, the trial is not so to be had. I therefore, must say, the circuit court erred in

compelling the defendant to go to trial. Judgment re-
versed and remanded, the other judges concurring herein.