BENJAMIN McCREARY v. CLINTON COCKRILL AND GEORGE
R. HINES.

*Error from Leavenworth County.*

In an action on a note against two defendants wherein judgment was rendered against one as security and the other as principal, who moved for a new trial on different grounds—each sufficient, which motion was granted, another trial had and judgment rendered against the other defendant as principal; *Held* on error by such defendant to Supreme Court, that the motion for a new trial having been granted, there was no necessity to incorporate in the record any part of the showing made to sustain any of the grounds.

Where, in such case the bill of exceptions shows that the court below gave a bad reason for granting a new trial, and that the motion was founded on several sufficient grounds, some of which necessarily required extrinsic proof, and fails to show how they were substantiated; *Held* that it was the duty of the plaintiff in error to make the record present the exact facts, not merely the reasons given by the court for its decision.

*Semble*, that it appears to be the proper course for a party where a new trial is granted to take up his case before waiting until a final determination of the suit. Under section 4 of act of 1860, [amending Civil Code,] he can be compelled to do so within thirty days by notice.

The facts of the case appear in the opinion of the court.

The case was argued in Supreme Court by *S. D. Lecompte*, for plaintiff in error, and by *W. P. Gambell*, for defendant in error.

*Lecompte* submitted :

1. The new trial was erroneously granted.

If this be true, it settles the controversy here. This court ought to order the first verdict to stand and judgment to be entered upon it. 1 *Gr. & Wat. New Tr.*, *pp.* 262-267-269 ; *Civil Code, p.* 174, *Sec.* 307, *p.* 215, *Sec.* 524, *p.* 218, *Sec.* 538.

2. The correctness of the law as expounded by the court in the allowance of the testimony touching the relations of the two defendants as principal and surety, cannot be controverted here, as there is no appeal from it. *3d Ohio, p. 33, (Smith v. Bing)*; *1 Handy, p. 271, (Smead &c.)*

3. The question which is surety, belongs to the court, and should have been decided by the court, and it was error to submit the question to the jury on the last trial, since, if the court was right at all, in sustaining the motion for new trial, it was only so on the ground of irregularity in submitting that question to the jury. *Civil Code, p. 203, Sec. 461*; *1st Handy, p. 271*; *3 G. & H., 832.*

*W. P. Gambell,* for defendants in error, submitted:

1. The only error complained of is that because the court, as it is alleged, erroneously granted a new trial to the defendant Hines, therefore it should have granted a new trial to McCreary, although on the second trial there was no error of law.

2. The granting of a new trial, and especially in cases where doubtful questions of law arise, is not error; although in such a case it might be error to refuse a new trial. *Spafford v. Bradly*, 20 *Ohio*, 74; *McWhorter v. McMurrain*, 26 *Geo.*, 164; 2 *Graham & Wat. New Trials, p. 47*; *Code, Sec. 148.*

3. Error will not lie on the judgment of a court granting a new trial after a second trial is had. *Helm v. Bassett*, 9 *Mo.*, 51; *Keating v. Bradford*, 25 *id.* 86.

4. The evidence is not set out in the bill of exceptions, and the court will presume that the evidence before the jury both authorized and required a verdict for defendant Hines.

5. But the court committed no error in granting the new trial. *Sprigg v. Bank Mount Pleasant*, 10 *Pet.*, 257; *Fraser v. McConnell*, 23 *Ga.*, 368; *Derby Bank v. Baldwin*, 41 *N. H.*, 435.

6. The record does not show all the instructions of the court on either trial, and therefore this court can not determine whether the new trial was properly granted. 12 *Ohio State*, 213.

*By the Court,* KINGMAN, J.

The defendant, Clinton Cockrill, sued the plaintiff, McCreary and Hines on a note signed by McCreary as principal and Hines as security. Hines in his answer admitted the statements in the petition, but claimed that he was only surety in the note. McCreary denied all the statements in the petition, set up several causes of defense and claimed that Hines was principal in the note and himself surety.

The cause was submitted to the jury, and they found for the plaintiff, and that Hines was principal in the note, and that McCreary was surety. Hines moved for a new trial on eight different grounds, any one of which, if true, was a sufficient cause for granting the application. A new trial was granted, and on the second trial the jury found for the plaintiff, as before, but found that McCreary was principal and Hines was surety.

The whole controversy seems to turn upon the question of which was the security, and which principal in the note. The plaintiff in error took but one exception to the rulings of the court, and that was to the court's granting a new trial. There is no question of any irregularity or error in the second trial. No objections are made to the proceedings connected with it. But the plaintiff in error insists that the second verdict should be set aside and the first be allowed to stand, because the court erred in granting a new trial.

The bill of exceptions states that the new trial was granted on the ground that the court was not fully satisfied that the law as it had been expounded on that trial was correct, and that "*perhaps*" it was error to have allowed the testi-

mony with regard to the question of who was principal and who surety on the note.

The exceptions also state that on the second trial " evidence of the same nature was allowed and instructions of the same import given."

Plaintiff in error naturally feels aggrieved that he should be deprived of the benefit of a verdict properly obtained on the first trial, which he lost on the second on the same evidence, and under similar rulings of law, which would be the case were the bill of exceptions the only record we have in the case. But the motion for a new trial alleged eight different and sufficient causes for a new trial. The new trial being granted there was no necessity to incorporate in the record any part of the showing made to sustain any of the causes; and some of them, if true, needed extrinsic evidence. Now how are we to know that the new trial was improperly granted ? That we must know before we can declare it so. The bill of exceptions shows that the court gave a bad reason for granting a new trial, and that is all. Had the same views controlled the court in the consideration of that motion that prevailed on the second trial, it would seem that the new trial would have been denied, and yet the party making the motion might have been entitled to the re-examination on some one or all the other grounds set up in his motion. We have no means of knowing how that would have been, and that we must know before we can say there was error in allowing the motion. It may well have been that defendant, Hines, would have been entitled to a new trial on some of the other grounds set up in his motion, and yet they never be examined by the court below.

That court having determined to grant the motion on the ground stated would not desire to examine the other points raised or hear argument upon them. Some of the causes must be supported by affidavits. They form no part of the record, and it was the duty of the plaintiff in

error to make the record present the exact facts, not the reasons which the court gave for its acts. We have properly abstained from deciding the question, whether under the Code, a party is not bound to take up his case, where a new trial is granted, before waiting until the final determination of the suit, though that appears the proper course under the law. [*Sec. 4 of the Amendment of* 1860.] By the limitation in that section provided, he can be compelled to do it within thirty days by notice. This would be in most cases before the new trial. Whether that was not what was intended in all cases, we leave to be decided when that question shall necessarily arise.

Judgment affirmed. All the justices concurring.