## MATTHEW RYAN v. TOPEKA BRIDGE COMPANY.

PRACTICE—*Motion for New Trial.* Where error is alleged in sustaining a motion for a new trial, it must appear affirmatively that none of the grounds of the motion are sufficient before a reversal can be had.

### *Error from Shawnee District Court.*

RYAN and another sued *The Topeka Bridge Company* to recover damages for injuries to a lot of cattle alleged to have been occasioned by reason of the neglect of the defendants to keep their bridge in proper and safe condi-

tion and repair.   The plaintiffs had judgment, and defendants moved for a new trial, which was granted.   Several grounds were stated in the motion for setting aside the verdict, in support of only one of which affidavits were offered.   The record does not show on which ground the motion was sustained.   The plaintiffs bring the case here, alleging that the order granting a new trial is erroneous.

*A. H. Case*, for plaintiffs in error :

It is now the almost universally received doctrine, that the affidavits of jurors will not be received to impeach their verdict, and that a contrary doctrine would be dangerous in policy, and unwarranted upon principle.   For cases parallel to the one at bar, (where the jury agree that each shall write down the damages he thinks the party is entitled to recover, the whole twelve amounts to be added together, and divided by twelve, the quotient to be the verdict, and the jury agreeing to abide by the result,) in all of which the courts refused to disturb the verdict for such reason alone—see :   *Vaise v. Delavel*, 1 Term R., 11;   *Owen v. Warburton*, 4 Bos. & Pul., 326;   *Dana v. Tucker*, 4 Johns., 487;   *Pleasants v. Heard*, 15 Ark., 403;   *Darr v. Tenno*, 12 Pick., 524;   *Willing v. Swasey*, 1 Brown, (Pa.,) 123;   8 Blackf., 32.

The doctrine contained in the above decisions, is maintained, and a contrary opinion strongly condemned in the following cases :   *The People v. Columbia Com. Pleas*, 1 Mad., 297;   *Basley v. Chesapeake Ins. Co.*, 3 Gill & Johns., 473;   *Johnson v. State*, 27 Texas, 769;   *Robins v. Wendover*, 2 Tyler, 147;   *Clum v. Smith*, 5 Hill, 560;   *Cook v. Castner*, 9 Cushing, 278;   *State v. Freeman*, 5 Conn., 350;   *Smith v. Eames*, 3 Scam., 76;   *State v. McLeod*, 1 Hawks, 344;   *Clark v. Read*, 2 Southw., 286.

W. P. *Douthitt*, for defendant in error. No brief filed.

The opinion of the court was delivered by

BREWER, J.: This is a proceeding in error brought to review the action of the district court of Shawnee county, sustaining a motion for a new trial. The case made gives a statement of the pleadings, omits the testimony and instructions, and recites the verdict. It then says: " The defendant then moved the court to grant it a new trial upon various grounds, among others the following: " 1st, Irregularity in the proceedings of the jury; 2d, Misconduct of the Jury."

On the hearing of the motion the court received the affidavit of a juror to show the alleged misconduct, over the objection of plaintiff. The motion for a new trial was sustained. Whether the court erred in receiving the affidavit of the juror, is a question which we do not feel called upon to decide on the record as presented; because, if error, it does not appear that it has resulted to the prejudice of the plaintiff. Other grounds than the misconduct of the jury were presented in the motion for a new trial. There may have been abundant reason in those other grounds for setting aside the verdict, and for aught that appears in the record the court acted on those grounds. Even if we should examine the question presented by counsel and find error, we should still be unable to say that such erroneous ruling was the ground of disturbing the verdict. This is akin to the case of a record presenting only part of the testimony, or a portion of the charge. *McCreary v. Cockrill*, 3 Kas., 37. Upon the case before us we cannot disturb the order of the district court.

All the Justices concurring.