MAGNUS WEBER V. FREEMAN P. KIRKENDALL ET AL.

FILED APRIL 16, 1895.    No. 5050.

1. **Review**: FINDINGS OF COURT: MOTION FOR NEW TRIAL.    A motion for a new trial is as essential to a review in this court by petition in error, where the judgment or order complained of is based upon findings of the court, as upon the verdict of a jury.

2. **Motion for New Trial.**    Primarily the office of a motion for a new trial is to afford the court an opportunity to correct errors in its own proceedings without subjecting parties to the expense and inconvenience of appeal or petition in error.

3. **Courts**: POWER TO CORRECT ERRORS.    The power to correct errors in their own proceedings is inherent in all courts of general jurisdiction, and in the exercise of that discretion they are governed not alone by this solicitude for the rights of litigants but also by considerations of justice to themselves as instruments provided for the impartial administration of the law.

4. **Review**: DISCRETION OF TRIAL COURT.    A stronger case will be required for interference by this court on account of an order setting aside a verdict resulting in a second trial on the merits of a cause than where the motion therefor is denied. (*Bigler v. Baker*, 40 Neb., 325.)

5. **Payment**: DURESS.    Payments or concessions exacted from the owner of property unlawfully withheld, in order to obtain possession thereof, where the detention is accompanied by immediate hardship or irreparable injury, may be avoided on the ground of compulsion, although not amounting to technical duress. (*Fitzgerald v. Fitzgerald & Mallory Construction Co.*, 44 Neb., 463.)

6. ———: ———.    But one threatened with civil process, unaccompanied by any act of hardship or oppression, is required to make his defense in the first instance to the merits of the claim, and cannot postpone litigation by paying the demand and afterward maintain an action therefor.

REHEARING of case reported in 39 Neb., 193.

*Charles W. Haller*, for plaintiff in error.

*Montgomery, Charlton & Hall*, contra.

POST, J.

A judgment of reversal was entered in this court at the January, 1894, term (see 39 Neb., 193); but a rehearing was thereafter ordered upon discovering that a material part of the record had been overlooked by us. The essential facts are as follows: At the May, 1890, term of the district court of Douglas county a trial was had to a jury upon the issues stated in the opinion heretofore filed, resulting in a verdict for the plaintiff in the sum of $813.02, the amount claimed by him, with interest. Afterwards, and within three days, a motion for a new trial was made by the defendants, in which the following grounds were assigned.

1. The verdict is not sustained by sufficient evidence.

2. The verdict is contrary to law.

3. Errors of law occurring at the trial, duly excepted to.

4. The court erred in giving certain instructions to which the defendants excepted.

5. The court erred in refusing to give certain instructions asked by the defendants, to which defendants duly excepted.

During the same term, but more than three days subsequent to the finding of the verdict, the defendants were permitted, over the objection of the plaintiff, to amend their motion for a new trial by specifically numbering the instructions referred to in the fourth and fifth specifications thereof. At the September, 1890, term an order was made sustaining the motion for a new trial and setting aside the verdict for the plaintiff. At the February, 1891, term the cause, again coming on for trial, was, by written stipulation, submitted to the court, a jury being waived, on the evidence taken at the previous trial, which had been preserved in the form of a bill of exceptions, duly authenticated by the trial judge. The second trial resulted in a judgment for the defendants, based upon certain findings of fact. The record shows neither a motion for a new trial,

nor exceptions to the findings of the court, and the errors alleged all relate to the former trial, viz.:

"1. The court erred in permitting the defendants to file the amended motion for a new trial.

"2. The court erred in granting a new trial.

"3. The court erred in entering said judgment and order."

It is true an exception was noted to the entering of the judgment on the findings, but that fact alone will not entitle the plaintiff to have said judgment reviewed in this proceeding. A motion for a new trial is just as essential as the basis of proceedings in error where the final judgment or order rests upon findings by the court as upon the verdict of a jury. (*Weitz v. Wolfe*, 28 Neb., 500; *Carlow v. Aultman*, 28 Neb., 672; *Gaughran v. Crosby*, 33 Neb., 34.) The plaintiff, from his failure to interpose proper objections thereto, is presumed to have been satisfied with the findings and judgment of the district court. But assuming what cannot be conceded, that the regularity of the order setting aside the verdict is presented by this record, we discover therein no error calling for a reversal of the judgment. It will be assumed, also, for the purpose of this investigation, that the second, or amended, motion for a new trial was without authority of law, and is in fact a mere nullity. Such being the case the inference is that the order complained of is based upon the original motion, which, as we have seen, is identical with the second, except that the instructions therein referred to are not specifically numbered. Our investigation is accordingly limited to a single inquiry, viz., were the specifications of the motion sufficient to entitle the defendants to an examination by the trial court of the questions thereby sought to be raised? The important distinction between the rules applicable to petitions in error and motions for new trials is frequently overlooked.

It is the settled rule of this court that alleged errors will

be disregarded unless specifically assigned in the petition in error. But the Code, section 317, as amended in 1881, provides: "It shall be sufficient, however, in assigning the grounds of the motion [for a new trial] to assign the same in the language of the statute without, further or other particularity." Primarily, the office of a motion for a new trial is to afford the court an opportunity to correct errors in the proceedings before it without subjecting parties to the expense and inconvenience of appeal or petition in error. And for that purpose the fourth and fifth assignments of the motion appear to be quite sufficient. Indeed, we do not doubt the power of the trial court to re-examine its record and to set aside a verdict on account of prejudicial error on its own motion in the absence of a request by either party. Such was the rule of the common law in *Rex v. Holt*, 5 T. R. [Eng.], 438; *Rex v. Atkinson*, 5 T. R. [Eng.], 437, note *a*; *Rex v. Gough*, 2 Doug. [Eng.], 796. Nor has the rule been changed by statute. (*Williams v. State*, 5 Mo., 480; *Simpson v. Blunt*, 42 Mo., 544; *McCabe v. Lewis*, 76 Mo., 301; *E. O. Stanard Milling Co. v. White Line Central Transit Co.*, 26 S. W. Rep. [Mo.], 704; *State v. McCrea*, 3 So. Rep. [La.], 380; Thompson, Trials, 2411.) The rule thus recognized has not only the sanction of authority, but rests upon the soundest and most satisfactory reasons. The power is inherent in all courts of general jurisdiction to correct errors committed by them which are clearly prejudicial to the parties, and their power in that respect is exercised not alone on account of their solicitude for the rights of litigants, but also in justice to themselves as instruments provided for the impartial administration of the law. Lest our position be misunderstood, we repeat that for the purpose of review by petition in error, assignments in the language of the motion in this case would be disregarded by the reviewing court as too indefinite; but as an application addressed to the trial court for a review of its own record the motion is open to no such objection.

A stronger case will be required to warrant a reversal on account of an order setting aside a verdict resulting in a second trial on the merits of the cause than where the motion therefor is denied. (*Bigler v. Baker,* 40 Neb., 325.) Other courts have gone further and held that such an order is not reversible error unless the reviewing court can see beyond reasonable doubt that there is manifest and material error therein in a pure and unmixed question of law, and except for which it would not have been made. (*City of Sedan v. Church,* 29 Kan., 190.) In *Ryan v. Topeka Bridge Co.,* 7 Kan., 207, it was held that where error is alleged in the sustaining of a motion for a new trial it must appear affirmatively that none of the grounds of the motion are sufficient before the party complaining will be entitled to a reversal. So far as the record discloses the case presented is the ordinary one of a difference of opinion between the judge and jury regarding the effect to be given the evidence, and according to the established rule of the court the order sustaining the motion is not the subject of review. But looking further into the record we found therein sufficient ground for setting aside the verdict without regard to the sufficiency of the evidence. For instance, by paragraph No. 5, given at the request of the plaintiff, the jury were instructed as follows: "The threats to cause an attachment to issue against the property of a person when no ground for attachment exists is a threat to detain said property unlawfully." It has been frequently held, and may be accepted as sound law, that payments or concessions exacted from the owner of property unlawfully withheld, in order to obtain possession thereof, where the detention is accompanied by immediate hardship or irreparable injury, may be avoided on the ground of compulsion, although not amounting to technical duress. (See *Fitzgerald v. Fitzgerald & Mallory Construction Co.,* 44 Neb., 463, and authorities cited.) But the mere apprehension of legal proceedings, unaccompanied by

any act of hardship or oppression, has never been held suffi-cient ground for the avoiding of a contract. The books, on the other hand, abound in cases holding that where the parties are on terms of equality towards each other, one threatened with civil process is required to make his defense in the first instance to the merits of the claim, and cannot postpone litigation by paying the demand and afterward maintain an action therefor. No court would be war-ranted in going further in protecting parties against un-conscionable demands than did we in the opinion hereto-fore filed in this case; and yet the ground of our con-clusion therein was not alone the threatened attachment, but also the detention of the plaintiff, amounting to phys-ical restraint, and the alleged fraudulent representations with regard to his liability for the indebtedness claimed. In no possible view of the record can the order setting aside the verdict be regarded as reversible error, hence the judgment must be

AFFIRMED.