**Frank F. VanAlstine, Plaintiff in Error, v. Emily J. McAldon et al., Defendants in Error.**

### Gen. No. 13,833.

1. DURESS—*what essential to constitute, entitling relief in equity.* In order to obtain relief in equity upon the ground of duress, it must appear that the means resorted to were sufficient for the time being to deprive the complainant of the exercise of his free will and understanding in what he did, so that such acts, instead of being the exercise of free will, were compelled by the dominant will of another.

2. DURESS—*what does not constitute.* It is not *ipso facto* unlawful to threaten civil proceedings to enforce a legal demand; such a threat is insufficient to support a claim of duress.

3. RES JUDICATA—*when established.* Where the questions sought to be presented in one case have been properly raised and determined in another cause arising between the same parties with respect to the same subject-matter, the court having jurisdiction both of the parties and of the subject-matter, a *res judicata* is established.

Bill in chancery. Error to the Superior Court of Cook county;

the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed April 30, 1908.

CHURCH, SHERBURNE & SASS, for plaintiff in error.

LIVINGSTON & BACH and LIVINGSTON & STERN, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

The sustaining of a general and special demurrer to the amended bill of plaintiff in error and the dismissing of the same for want of equity are claimed to be so erroneous that this court ought to reverse the decree of the chancellor and send the bill back to the Superior Court for answer and a trial upon the merits. With that end in view this writ of error has been sued out.

Complainant below electing to stand by the averments of his bill, the question before us for decision is whether the amended bill, with its material averments uncontradicted, entitles complainant to any of the relief prayed. In other words, if all the material and essential facts averred are true and sustained by the proofs, are they sufficient to sustain a decree for the relief sought. The most convincing argument that they are not rests in the record of the Appellate Court in the Second District in a case where all the facts and most of the questions here involved were there decided, as appears from the opinion of Mr. Presiding Justice Willis in McAldon et al. v. VanAlstine, 135 Ill. App. 396. That case was decided upon its merits, after hearing the proofs of the parties on bill, answer and replication. In this it differs from the case at bar, which is before us on the sustaining of the demurrer, a dismissal of the bill following.

The demurrer contains this special assignment: "That said amended bill upon its face shows that the complainant surrendered the notes therein mentioned voluntarily, and that the same was his act, and that

said bill does not show any duress practiced by these defendants upon the complainant.''

The bill charges *inter alia* that complainant had advanced money with which to pay premiums upon a life insurance policy in favor of defendant, Emily J. McAldon, on the life of her sister, and had taken an assignment of the policy as security for premiums advanced and premiums which he might advance in the future; that James McAldon, the husband of Emily J. McAldon, being indebted to one C. O. McClellan in the sum of $500, on April 12, 1900, gave his note for that sum, payable in one year after date, with interest at the rate of six per cent. per annum, payable semi-annually, and secured the said note by a trust deed executed by himself and wife to Daniel J. Avery, trustee, conveying certain real estate in Chicago; that James McAldon died October 15, 1902, and that by his will he vested the title to the property secured by the trust deed to Daniel J. Avery in his wife, the said Emily J. McAldon, subject to its lien; that complainant May 4, 1903, purchased the $500 note secured by the trust deed, and Emily J. McAldon on August 12, 1904, conveyed the real estate described in the trust deed securing the note unto Fred S. Larson, subject to the lien of the trust deed and subject also to a life estate reserved in the conveyance to herself.    Complainant then charges that from February 19, 1904, until November 8, 1904, he was the Republican candidate for clerk of the Circuit Court of Woodford county in this state; that during that time ''his health was poor;'' that about October 10, 1904, the defendants, Emily J. McAldon and Fred S. Larson, together with W. H. Foster and J. I. Kerr, entered into a conspiracy to cheat and defraud him and to obtain and take from him, by false and fraudulent pretenses and unlawful threats, the aforesaid note and trust deed; that in furtherance of such unlawful conspiracy, about three weeks before the day of election, the said W. H. Foster represented to him that the defendant, Emily J. Mc-

Aldon, claimed that a part of the contract by which he got possession of the life insurance policy above mentioned was that he should cancel and surrender the $500 note, and that L. C. Hay, an attorney at Bloomington, had prepared a bill ready to file in the Woodford county Circuit Court specifically to enforce said contract and to cancel the note and compel a surrender of the trust deed securing the same; that such bill would publicly charge complainant with many unlawful and fraudulent acts, which would have the effect of impugning his integrity and endangering and maybe defeating his election, and that the only way open to him to avoid the disastrous consequences so unlawfully threatened was to submit to the demand and yield possession of the note and trust deed, which he accordingly did by delivering the same uncancelled to J. I. Kerr; avers that none of the charges made were true, and that the note and trust deed were surrendered without any consideration; that said $500 note was by some one cancelled after its surrender and the trust deed released by Avery, the trustee, and delivered to Larson, who filed the same for record in the recorder's office of Cook county; prays an annulment of the Avery release deed, and that complainant may be adjudged the lawful owner of the note and trust deed, and that the trust deed be foreclosed to pay the amount of the principal and interest of the note secured by it, and for solicitor's fee and costs, etc.

The application of the doctrine of duress is invoked as entitling complainant to the relief sought by his bill. If the means resorted to were sufficient, for the time being, to deprive complainant of the exercise of his free will and understanding in what he then did, so that such acts, instead of being the exercise of his own free will, were compelled by the dominant will of another, he might be entitled to relief from the results of the acts so coerced. There is, however, no averment that complainant did not fully know and understand what he was doing and the effect of such acts, and none

that he was not in his right mind and *compos mentis.* Neither is it averred that any degree of force was used to compel him to take the action he did by complying with · the requests made upon him for the reasons urged upon him, which, if true, justified the acts complained of. It is true that complainant was a candidate for the suffrages of the people at the time of the transactions challenged, and that it undoubtedly would have been embarrassing to the prosecution of his campaign to have a bill filed in the political bailiwick which was the scene of such campaign impugning the fairness of his dealings with the widow of a former citizen; yet these facts in no way curtailed the right of Mrs. McAldon to seek her remedy in the manner threatened or to take advantage of the psychological moment thus presented to assert her claim and compel the complainant to perform his contract. It is not *ipso facto* unlawful to threaten civil proceedings to enforce a legal demand, and such a threat is insufficient to support the claims of duress. Weber v. Kirkendall, 44 Neb. 766.

Even to threaten a criminal prosecution does not constitute duress where no warrant has been issued or criminal proceedings commenced. Loan & Protective Assoc. v. Holland, 63 Ill. App. 59.

To set aside transactions of the nature involved in this dispute on the ground of duress, complainant must have been at the time he acted in fear of his life or bodily harm if he refused, and his mind so affected and his free will so overcome by the means used that he in fact lost his freedom of will to such an extent that he did not understand the effect of his actions; that the things done were coerced, and as a consequence lacked the element of free will. Hagan v. Waldo, 168 Ill. 646; Hintz v. Hintz, 222 *ibid.* 248.

The bill discloses that the surrender of the $500 note and the trust deed to Avery securing it were the voluntary acts of complainant, and it follows that from

the consequences of such voluntary acts a court of equity cannot afford him relief.

We are of the opinion that the rights of complainant in the matters set forth in the bill having been before the Circuit Court of Woodford county, as appears from the opinion of the Appellate Court in the Second District, *supra,* and this court having decided contrary to complainant's contentions, and no further appeal being prosecuted, that all the questions there involved and adjudicated and here again sought to be further litigated, are *res adjudicata,* and complainant is in consequence barred from again calling them in question in another forum.

Lord Hardwick's definition of the doctrine of *res adjudicata* in Gregory v. Molesworth, 3 Atkyns, 626, is terse and comprehensive and often quoted with commendation. It is: "When a question is necessarily decided in effect, though not in express terms, between parties to the suit, they cannot raise the same question as between themselves in any other suit in any other form."

The Supreme Court of Massachusetts well defined the doctrine in Foster v. Busteed, 100 Mass. 409, in these words; "The doctrine of *res adjudicata* is plain and intelligible, and amounts simply to this— that a cause of action once finally determined, without appeal, between the parties, on the merits, by a competent tribunal, cannot afterwards be litigated by a new proceeding either before the same or any other tribunal."

The litigation in the Woodford Circuit Court, reaching finality by the decision of the Appellate Court in the Second District, fulfills all the essential requirements last quoted. The decree of the Superior Court sustaining the demurrer to the amended bill and dismissing it for want of equity is affirmed.

*Affirmed.*