FRED NELSON, APPELLEE, v. PETER E. NELSON, APPELLANT.

FILED MARCH 4, 1916. No. 18649.

1. **Contracts: RESCISSION.** "Payments or concessions exacted from the owner of property unlawfully withheld, in order to obtain possession thereof, where the detention is accompanied by immediate hardship or irreparable injury, may be avoided on the ground of compulsion, although not amounting to technical duress." *Weber v. Kirkendall*, 44 Neb. 766.

2. **Trial: EXCLUSION OF EVIDENCE.** An itemized receipt prepared by the attorney of a party, which the opposite party refused to accept, is not binding on the party refusing to accept it, and may be excluded without error when offered in evidence.

3. **Verdict: AMOUNT.** Plaintiff claimed $2,000 damages for failure of the defendant to properly care for his cattle while in defendant's possession, and $208 for a failure to return four head thereof. *Held*, that a verdict for $208 for those items was not excessive.

4. **Novation.** An agreement between two parties that one of them shall pay a third person an amount of money for which they were separately liable in equal parts does not create a novation unless and until the third party sanctions such an agreement.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed on condition.*

*Byron G. Burbank,* for appellant.

*William Baird & Sons, contra.*

BARNES, J.

This was an action at law in which plaintiff sought to recover damages arising out of an exchange of properties between himself and defendant. The petition contained six counts or causes of action. The issues made by the pleadings were submitted to a jury in the district court for Douglas county, and resulted in a verdict by which plaintiff recovered on his first, second, third and fifth causes of action. The verdict as to the fourth and sixth causes of action was for the defendant. Judgment was rendered on the verdict for $1,284.63 in favor of plaintiff, and the defendant has appealed.

The record discloses that plaintiff, by his petition, sought to recover on his first cause of action the value of 18 head of cattle which defendant failed to deliver to him according to the terms of their contract, amounting to $540, and for $25 worth of furniture which defendant failed to deliver to plaintiff under his agreement. The plaintiff sustained this cause of action by sufficient evidence. Defendant contends, however, that the trial court erred in receiving the evidence of the plaintiff as to the value of the cattle because he was not interrogated as to their market value. According to the record, the parties agreed in writing, when they exchanged properties, that the grown cattle were worth $40 a head, and the calves, if any, were worth $20 each. Plaintiff was unable to see the cattle, by reason of the failure of defendant to deliver the 18 head. He was compelled to rely on the value fixed by the agreement, made when the exchange of properties was consummated, and his testimony fixing the average value at $30 a head was admissible. On this count, the verdict of the jury was for $540, and, being sustained by the evidence, this court will not set it aside.

As to the second cause of action, it appears that in the exchange of properties plaintiff gave the defendant two

notes, one for $469, due January 11, 1913, and one for $1,617, due October 11, 1913, each bearing interest at 6 per cent., secured by a chattel mortgage on the 275 head of cattle which defendant agreed to deliver to the plaintiff; that defendant also agreed to assign and deliver certain leases of grazing lands to the plaintiff and convey to him two lots in Pine Bluffs, Wyoming, before the first of the said notes should become due. Defendant failed to assign said leases and convey the said lots to plaintiff within the time agreed upon, and when the first of the notes became due he seized the cattle under his chattel mortgage and proceeded to advertise the same for sale for the whole amount due on both notes. In order to obtain possession of the cattle, plaintiff was obliged to, and did, pay the defendant the sum of $2,590.15, which was $504.15 more than the sum due on both notes, and by the second cause of action plaintiff sought to recover that amount. The jury gave him a verdict on that count for $449.13, and, as we view the record, the evidence sustains that amount.

"Payments or concessions exacted from the owner of property unlawfully withheld, in order to obtain possession thereof, where the detention is accompanied by immediate hardship or irreparable injury, may be avoided on the ground of compulsion, although not amounting to technical duress." *Weber v. Kirkendall*, 44 Neb. 766. *First Nat. Bank v. Sargeant*, 65 Neb. 594; 30 Cyc. 1308.

It is contended, however, that the verdict as to this cause of action was excessive, in that defendant should have been allowed a credit of $141.91. This contention cannot be sustained, because there is no claim for that amount in the pleadings, and it is quite clear that the jury were not entitled to consider that item.

Defendant also contends that the trial court erred in excluding a receipt prepared by his attorney, which was offered to plaintiff at the time he paid the $2,590.15 to the defendant in order to obtain possession of his cattle. The record shows that the plaintiff refused to accept this

receipt, and therefore was not bound by it. At most, it was a self-serving document prepared by defendant's attorney for the evident purpose of preventing plaintiff from maintaining a suit to recover the amount of money paid by him in excess of the sum due on the chattel mortgage. The court did not err in excluding this pretended receipt.

Plaintiff, by his third cause of action, sought to recover the value of four head of cattle, taken under the mortgage, which were not returned to him by the defendant, and $2,000 damages to the cattle while they were in defendant's possession. The jury returned a verdict on this cause of action for $208, which was the reasonable value of the cattle not returned, and refused to allow plaintiff any damages for defendant's failure to properly feed and care for the stock while they were in his possession. An examination of the record fails to furnish any reason for setting aside the verdict on that cause of action.

Plaintiff's fifth cause of action was to recover the sum of $87.50, one-half of the commission claimed by one Davis, who negotiated the exchange of properties. It appears that Davis owed the plaintiff, and it was agreed that plaintiff should pay him the whole commission, of which defendant was to pay one-half. But Davis refused to release the defendant, who afterwards paid him $87.50. The testimony shows that, in a suit between plaintiff and Davis, plaintiff did pay Davis $100, but we are of opinion that defendant was not released from paying one-half of the commission, and was entitled to receive credit for the $87.50, which he paid. The verdict of the jury on that count cannot be sustained.

By the sixth and last cause of action, plaintiff sought to recover the sum of $15 for borrowed money. The jury properly found for him on that count.

Numerous errors are assigned by counsel for defendant, but after a careful review of the record we are of opinion that they cannot be sustained.

The cause was fairly tried, was properly submitted to the jury, and, if plaintiff files a remittitur for $87.50 within 20 days from the filing of this opinion, the judgment of the district court will stand affirmed; each party to pay his own costs of this court.

AFFIRMED.

SEDGWICK, J., not sitting.