JOHN L. KARSCHNER, APPELLANT, V. J. M. LATIMER, APPELLEE.

FILED MARCH 1, 1922. No. 21821.

1. **Payment:** AVOIDANCE. Payments or concessions exacted from the owner of property unlawfully withheld, in order to obtain possession thereof, where the detention is accompanied by immediate hardship or irreparable injury, may be avoided on the ground of compulsion, although not amounting to technical duress.

2. ———: ———. Evidence considered, and the case *held* not within the rule above stated.

APPEAL from the district court for Phelps county: HARRY S. DUNGAN, JUDGE. *Reversed*.

*S. A. Dravo, James I. Rhea* and *W. T. Thompson,* for appellant.

*A. J. Shafer* and *O. E. Bozarth, contra.*

Heard before MORRISSEY, C. J., ROSE, ALDRICH and FLANSBURG, JJ., HOBART and PAINE, District Judges.

HOBART, District Judge.

In the year 1918 the appellant maintained a pasture in Phelps county, Nebraska, and took in cattle for hire. On the 7th day of May, 1918, the appellee put 35 head of cattle in the pasture, which were pastured therein until the 23d day of September, and in June a bull was also placed therein and pastured until said 23d day of September. When the appellee came for the cattle on September 23d, pursuant to instructions, a dispute arose between him and appellant as to the amount due for pasturage, appellant claiming $321, and appellee offering $275. After some discussion appellee agreed to give the sum appellant demanded, and gave his personal check therefor, payable to the order of appellant, received his cattle and drove them away, and as soon as he could thereafter telephoned the bank on which the check was drawn and directed it not to pay the check. In due course the check was presented to the bank for payment and payment was refused. Suit was thereafter brought by appellant against appellee for the amount due on the check. A verdict was rendered in favor of appellant for $275, and from a judgment based thereon appellant has appealed.

There is no dispute as to the number of cattle, the length of time they were in the pasture, as to the age of the cattle, or that the check was given by appellee for the pasture of the cattle and was not paid when presented for payment. The only question for our consideration in this case is as to whether or not the appellant and appellee entered into the agreement whereby the appellant was to receive $321 in full settlement for the pasturage of the cattle, and a check was given by appellee therefor, all as the result of duress.

There is no evidence of any duress of the person. Was

there, then, a duress of goods? The only evidence tending in any way to show this is that of the appellee himself, as follows:

"Q. What did you do by way of settling with him? A. I offered to give him a check for the amount of a dollar a month for the whole amount that was in there. Q. And was that the price that the contract called for? A. That is the price I understood the contract to be. Q. And what did he say about it? A. He said I couldn't take them unless I paid it. Q. What did he do by way of accepting that tender that you offered him or a dollar a month? A. He wouldn't take it. Q. Did he give any reasons why he wouldn't take it? A. He said the price was $1.50 for the cattle. Q. Then what was done? A. I argued with him and still he wouldn't take it; and, to get my cattle and get home before dark, I gave him a check for $321, and told him, if there was any way to get this out in court at the contract price, I would do it. And when I got home I phoned to the banker and told him to stop payment on the check."

It is well settled that, where a person demanding a payment is in a position to seize or detain the goods or other personal property of the person against whom the claim is made without a resort to judicial proceedings in which the parties may contest the validity of the claim, payment under protest to recover or retain the property will be considered as made under compulsion and the money can be recovered back, at least where a failure to get or retain immediate possession and control of the property would be attended with serious loss or great inconvenience. This coercion is generally embraced in the term "duress of goods." 30 Cyc. 1308. The mere apprehension, however, of legal proceedings, unaccompanied by any act of hardship or oppression, has never been held sufficient ground for the avoidance of a contract. The books, on the other hand, abound in cases holding that, where the parties are on terms of equality towards each other, one cannot postpone litigation by

paying the demand .and afterwards maintain an action therefor. *Weber v. Kirkendall,* 44 Neb. 766. The evidence of the appellee, above quoted, will not justify us in saying that he comes within the rule stated. His proper remedy was to have brought an action in replevin. He could not, by merely giving his check with the intention of not paying the same, have avoided payment in full

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.